**AVIS RENT A CAR SYSTEMS, INC., et al., Appellants,**

v.

**STATE TAX COMMISSION OF MISSOURI, et al., Respondents.**

**No. WD 37676.**

Missouri Court of Appeals, Western District.

Sept. 16, 1986.

Thomas C. Walsh, Michael B. McKinnis, Bryan, Cave, McPheeters & McRoberts, St. Louis, for appellants.

William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Thomas R. Schwarz, Jr., Counsel, Jan Hemm Pritchard, Asst. Counsel, Jefferson City, for respondents.

Before TURNAGE, P.J., and SHANGLER and KENNEDY, JJ.

TURNAGE, Presiding Judge.

Avis Rent A Car Systems, Inc. and The Hertz Corporation appealed to the Circuit Court of Platte County from the decision of the State Tax Commission, which found property leased by each to be taxable. The court affirmed. On appeal, Avis and Hertz contend the decision of the Commission was erroneous because the Commission failed to include concession payments as a part of the rent Avis and Hertz paid for the leased premises. Reversed and remanded.

Jurisdiction of this appeal is vested in this court because the only question is the value placed on the leasehold interests for tax purposes, and the challenge to the valuation is on the ground that the decision is not supported by competent and substantial evidence. No construction of the revenue laws is involved. *See generally Hermel, Inc. v. State Tax Commission*, 564 S.W.2d 888, 897[10] (Mo. banc 1978).

The City of Kansas City owns land in Platte County on which it constructed the Kansas City International Airport. As a service to the traveling public, the city allows companies engaging in the rental of automobiles to conduct business on airport property. The companies are only permitted to have a telephone in each of the three terminal buildings. In the case of Avis and Hertz the telephones are connected to facilities that they operate on airport property, a short distance from the terminals. In each facility Avis and Hertz have a customer service counter and space for the servicing and storage of their rental cars.

The city originally had one agreement with Avis and one with Hertz, giving them concession rights to operate automobile rental businesses on airport property and leasing them certain real estate in the airport for the conduct of their businesses. By the time the present dispute arose, the city had two agreements with each company. One agreement was designated as a ground lease and the other as a concession agreement. The ground lease was for a term of 15 years, and in the case of Avis, called for annual rent of $11,029.44. The Hertz annual rent was fixed at $13,799.76. The leases referred to the companies as the "Concessionaires". Each lease provided "that the purpose of this Lease is to provide premises whereon the Concessionaire

can conduct its rent-a-car business on the Airport as a concessionaire of the City pursuant to its Rent-A-Car Concession Agreement ... The Concessionaire's rights hereunder ... are in all respects subject to its rights as a concessionaire of the City pursuant to said Concession Agreement." Each lease provided that the lease would terminate immediately upon the failure of the concessionaire to continue as a rent-a-car concessionaire at the airport. The leases provided that the city would not lease premises to any rent-a-car company that did not have a concession agreement with the city. The leases also provided that the concessionaire could use the leased premises only in the conduct of the rights and privileges granted in the concession agreements.

Whereas each lease ran for a term of 15 years, each concession agreement was for a term of 5 years. The concession agreements allowed Avis and Hertz to conduct only passenger car rental businesses at the airport. The fee to be paid under each concession agreement was fixed at 7.5 per cent of the gross revenue each company derived from the rent-a-car business conducted at KCI airport for the preceding year, with a minimum fee of $63,000 per year or 10 per cent of each company's annual gross revenue from KCI airport rent-a-car operations for the current year, whichever was greater. In addition, each company paid $2 per month for each telephone located in the terminals. Each concession agreement provided it would be cancelled upon the company's failure to pay the fee provided.

The Platte County assessor assessed the leasehold interests of Avis and Hertz in 1974 and 1975. The theory of the assessor at that time, as in the present case, was that the only amount Avis and Hertz paid for their ground leases was the amount

specified in the leases. The assessor took the position that none of the fees paid under the concession agreements would be considered rent. Avis and Hertz appealed the assessments for those years to the State Tax Commission, and the Commission held that the leasehold interests of the companies had no value for purpose of ad valorem taxation. In 1976 the leasehold interests were again assessed by Platte County, and again the companies appealed to the Commission. After a full evidentiary hearing the Commission determined that the leasehold interests had no value for taxation purposes. Platte County did not appeal any of the Commission orders.

Platte County continued its effort to tax the Avis and Hertz leasehold interests by assessing those interests in 1977, 1978, and 1979. In September of 1979 the Commission held a full hearing on the appeal of Avis and Hertz. At that hearing expert evidence was adduced by Avis and Hertz and by the county.

Avis and Hertz produced James Flannigan, a professional appraiser, who testified that he had appraised the leasehold interests of Avis and Hertz by use of the bonus value method approved by the Supreme Court in *Frontier Airlines, Inc. v. State Tax Commission*, 528 S.W.2d 943 (Mo. banc 1975). Flannigan testified that the market rent for the property occupied by Avis and Hertz ranged from $2.34 to $6.28 per square foot of building space.[1] Flannigan calculated the amount of rent actually paid by Hertz ranged from $47.55 to $52.78 per square foot of building space. For Avis the actual range was $23.14 to $27.37 per square foot of building space. In calculating the contract rent Flannigan added the rent called for in the lease and the fees required to be paid under the concession agreement.

1. Avis and Hertz each constructed buildings on the real estate that they leased in the airport. Each company paid the construction costs and at the expiration of the 15 year lease the buildings would become the property of the city. If the leases were terminated prior to expiration, each company would be entitled to recover its

own amortization cost based on a 15 year straight line amortization. The lease could not be assigned without the consent of the city. Even with consent the assignment could only be made to an entity that had a concession agreement.

Platte County produced William Davis, Jr., a professional appraiser, who gave the opinion that the market rent for the buildings occupied by Avis and Hertz was $7.66 per square foot. In calculating the amount of rent paid by Avis and Hertz, Davis used only the amount stated in the lease. He testified that the market rent for Avis was $4,443 per month while the contract rent was $919 per month leaving a bonus of $3,523 per month. For Hertz, Davis said the market rent was $4,239 per month and the contract rent was $1,149 per month, leaving a bonus of $3,089 per month. Davis conceded that if he added the fees paid under the concession agreement to the amount of rent called for in the lease, there would be no bonus value.

The Commission found that the leasehold interest did not have any value for the years 1977, 1978, and 1979.

Platte County did not appeal the Commission's decision, but instead continued to assess Avis and Hertz for the years 1980, 1981, and 1982. By agreement of the parties the assessment for the last three years was appealed to the Commission upon the record made during the September 1979 hearing. No additional evidence nor material was considered by the Commission. Contrary to its previous decisions, the Commission found that the leasehold interests for the years 1980, 1981, and 1982 had a taxable value. The Commission made findings of fact and conclusions of law. The key difference was the finding in September 1983, based on the hearing of September 1979, that the concession payments were severable from the ground leases. The Commission based this new finding on Davis' testimony that concessionaires at other airports paid concession fees without having facilities on the airport grounds.

Davis stated that he had visited the downtown airport in Kansas City, also operated by the city, and the Springfield and St. Louis airports. He said that at each of those airports the concession fee was fixed at 10 per cent of gross revenue, even when the concessionaire did not have facilities on airport property for the service and storage of automobiles. Davis concluded from this that because rental car companies were willing to pay 10 per cent of their gross revenue for the privilege of doing business on airport property, the concession fees paid by Avis and Hertz should not be considered rent. There was no evidence as to the terms of the agreements at the other airports, except for the amount of the concession fee.

The parties agreed to the facts in this case, and the Commission was not called upon to resolve any disputed facts. The only issue that the Commission had to decide was whether or not the concession fees should be included in the amount Avis and Hertz paid to the city for the privilege of occupying the premises they leased from the city. The parties agree that if the concession fee is considered rent, there would be no bonus value in the lease and the leasehold interest of Avis and Hertz would have no value assessable and taxable by Platte County. On the other hand, the parties agree that if the concession fee is not considered a part of the rent, the leasehold interest would be taxable by the county. There is no disagreement as to the terms of either the lease or concession agreements.

In resolving the basic question of whether or not the concession fees should be considered as rent, the leases and the concession agreements must be construed together. The leases provided that their purpose was to provide premises on which the concessionaires could conduct their business. The leases restricted the use which Avis and Hertz could make of the leased premises to the purpose defined in the concession agreements, i.e., the rental car business.

Even though the leases had a stated term of 15 years, they provided for termination upon the tenant ceasing to be a concessionaire of the city. The concession agreements were for a period of 5 years and Avis and Hertz had to be a successful bidder to obtain another concession agreement when each agreement expired. If the company did not obtain another concession

agreement, its lease would be terminated because the company would no longer hold a concession agreement. Thus, even though the leases had stated terms of 15 years, their continued existence depended wholly upon Avis and Hertz continuing to hold concession agreements.

The concession agreements could be terminated upon failure to pay the concession fee. Moreover, if Avis or Hertz failed to pay the concession fee, its lease would also terminate because the company would no longer be a concessionaire and the leases provided that such an occurrence would terminate the lease.

From the foregoing it is clear that Avis and Hertz could not occupy the leased premises by paying only the amount required in the leases. They were required to pay the concession fee in order to maintain their leases in force, and, obviously, without a lease they could not occupy the premises.

The Commission relied only on the testimony of Davis with reference to agreements at other airports for its finding that the concession fee was not a part of the rent. The Attorney General, with commendable frankness, states in his brief "[A]ppellants are correct when they note that other contractual agreements are not probative to that between Appellants and Kansas City." It requires no discussion to hold that agreements entered into by other airports have no relevance in determining the only disputed question in this case.

The Attorney General argues that there was nothing in the concession agreements that required Avis and Hertz to lease land at the airport. That argument ignores the question presented. It could be stated as well that Avis and Hertz were not required to conduct a rental car business in Kansas City. That has nothing to do with the resolution of the question presented. The argument is also made that payment of the concession fees did not entitle the companies to use land, but merely gave them the right to conduct a business. This ignores the provision of the leases that requires the payment of both the amounts stated in the

leases and the concession fees for the leases to remain in effect.

In *National Subway Co. v. City of St. Louis*, 169 Mo. 319, 69 S.W. 290, 294 (1902), the court held that rent is something given by way of compensation to the lessor for the right to make use of the land demised. In *Young v. Home Telephone Co.*, 201 S.W. 635, 637[4] (Mo.App.1918), this court stated, "A fixed charge as compensation for the 'use and occupation' of land is, in the very nature of the thing, rent."

Under these definitions of rent it is clear that the concession fees are part of the rent paid by Avis and Hertz for the privilege of occupying the airport real estate they leased.

In *Frontier*, the court held that a lease of tax exempt property does not have a value that can be assessed for ad valorem taxes unless the lease has a bonus value. The bonus value exists only when the contract rent actually being paid is less than the market rent for the premises. The market rent in this case was far less than the actual rent being paid. Therefore, the leasehold interests of Avis and Hertz had no value for taxation purposes in Platte County.

The decision of the Commission is unsupported by competent and substantial evidence, because it was based only upon the testimony of Davis. That testimony, consisting of conclusions drawn from other leases, was not competent and substantial evidence of whether or not the concession fees actually paid by Avis and Hertz constitute rent in the cases under consideration. For that reason the decision of the Commission must be reversed. Mo.Rev.Stat. § 536.140 (1978).

The judgment of the circuit court is reversed and this cause is remanded to that court with directions to remand this cause to the State Tax Commission, with directions to consider the concession fees to be a part of the rent paid by Avis and Hertz for the occupancy of the real estate leased from the city.

All concur.