**NEXUS RENT–A–CAR, INC., d/b/a Dollar Rent–A Car, Inc., Plaintiff–Appellant,**

v.

**Donna C. NASH, Collector, Platte County, Missouri, Defendant–Respondent.**

**Nos. WD 39401, WD 39402.**

Missouri Court of Appeals, Western District.

March 8, 1988.

Donna L. Stanford, Kansas City, for plaintiff-appellant.

David A. Dolph, Platte City, for defendant-respondent.

Before NUGENT, P.J., and SHANGLER and BERREY, JJ.

NUGENT, Presiding Judge.

Nexus Car Rental, Inc. (Nexus), appeals from two decisions of the trial court granting defendant's motions to dismiss. Nexus argues that it was not required to exhaust administrative remedies before filing suit against the county collector to obtain a refund of taxes paid under protest, that under the language of the statutes, an alternative and equally valid remedy is presented.

We affirm.

Nexus conducts its car rental business on property at the Kansas City International Airport. Like all other car rental companies at K.C.I. Nexus has two contracts with the city, a concession agreement and a ground lease. The ground lease is for fifteen years at $7,200 per year. The lease terminates immediately upon plaintiff's failure to continue as a concessionaire at the airport.

The second contract is a concession agreement with a fixed minimum annual fee of $63,000 for the first three years and $75,000 for the fourth and fifth years or ten percent of concessionaire's annual gross revenue from the rent-a-car operations, whichever is greater. The agreement may be cancelled if Nexus fails to pay the fees.

The Platte County assessor assessed taxes against Nexus for 1981 and 1982 real property taxes on the basis of the ground lease alone. On July 19, 1985, Nexus paid the taxes under protest. On October 4, 1985, Nexus filed a petition to recover the protested tax in the Circuit Court of Platte County. The assessor filed her answer, and Nexus filed a motion for summary judgment. On January 28, 1987, the court denied the motion, and on January 30 the assessor filed a motion to dismiss. The trial court sustained the motion, and Nexus filed its appeal.

The Platte County assessor also assessed taxes for 1983 against Nexus; on July 22, 1986, the plaintiff paid the taxes under protest and on September 30 filed a petition to recover the protested taxes. The defendant's motion to dismiss was sustained on April 27, 1987, and this appeal followed. These appeals have been consolidated.

On this appeal, Nexus raises several points: First, it claims that the trial court erred in dismissing its petition because this court's decision in *Avis Rent A Car Systems, Inc. v. State Tax Commission of Missouri,* 716 S.W.2d 871 (Mo.App.1986), held that Nexus' leasehold interest has no value for tax purposes and the taxes were improperly assessed. Second, under the applicable statute Nexus had an alternative remedy to the administrative remedy. Third, the petition liberally construed with broad indulgence invokes substantive principles of law entitling plaintiff to relief. Fourth, plaintiff was not required to exhaust administrative remedies before filing suit under the statute, § 139.031.2. Finally, respondent collector has waived her right to raise the question of the trial court's lack of jurisdiction or is estopped from doing so because of the *Avis* decision relating to identically situated car rental agencies in Platte County.

Plaintiff's protest of 1981 and 1982 tax assessments is governed by § 137.385, § 138.430, and § 139.031, of the Revised Statutes of Missouri, 1978; plaintiff's protest of 1983 taxes is governed by the same sections of the 1986 revised statutes. § 137.385 provides: "Any person aggrieved by the assessment of his property may appeal to the county board of equalization...." Before its 1983 amendment,[1] § 138.430 gave every owner of real or tangible personal property "the right of appeal from the local boards of equalization under rules prescribed by the state tax commission."

Section 139.031, in effect for the calendar years 1981 and 1982, provided in its pertinent parts as follows:

1. Any taxpayer may protest all or any part of any taxes assessed against him, except taxes collected by the director of revenue of Missouri. Any such

1. 1983 Mo.Laws 430, S.B. 63, 60, 48, 65 and 71, effective September 28, 1983.

taxpayer desiring to pay any taxes under protest shall, at the time of paying such taxes, file wtih the collector a written statement setting forth the grounds on which his protest is based, and shall further cite any law, statute, or facts on which he relies in protesting the whole or any part of such taxes.

2. The collector shall disburse to the proper official all portions of taxes not so protested, and he shall impound in a separate fund all portions of such taxes which are so protested. Every taxpayer protesting the payment of taxes, within ninety days after filing his protest, shall commence an action against the collector by filing a petition for the recovery of the amount protested in the circuit court of the county in which the collector maintains his office. If any taxpayer so protesting his taxes shall fail to commence an action in the circuit court for the recovery of the taxes protested within the time herein prescribed, such protest shall become null and void and of no effect, and the collector shall then disburse to the proper official the taxes impounded, as hereinabove provided.

In 1983, § 139.031 was amended and substantial changes were made by the addition of the phrase "Except as provided in subsection 3 of this section," at the beginning of the second sentence of § 139.031.2, and by the addition of a new subsection 3.[2] Subsections 1, 2 and 3 of amended § 139.031, now found in Revised Statutes of Missouri, 1986, read as follows:

1. Any taxpayer may protest all or any part of any taxes assessed against him, except taxes collected by the director of revenue of Missouri. Any such taxpayer desiring to pay any taxes under protest shall, at the time of paying such taxes, file with the collector a written statement setting forth the grounds on which his protest is based.

2. The collector shall disburse to the proper official all portions of taxes not so protested and shall impound in a separate fund all portions of such taxes which are so protested. Except as pro-

vided in subsection 3 of this section, every taxpayer protesting the payment of taxes shall, within ninety days after filing his protest, commence an action against the collector by filing a petition for the recovery of the amount protested in the circuit court of the county in which the collector maintains his office. If any taxpayer so protesting his taxes shall fail to commence an action in the circuit court for the recovery of the taxes protested within the time prescribed in this subsection, such protest shall become null and void and of no effect, and the collector shall then disburse to the proper official the taxes impounded, and any interest earned thereon, as provided above in this subsection.

3. No action against the collector shall be commenced by any taxpayer who has, for the tax year in issue, filed with the state tax commission a timely and proper appeal of the protested taxes. Such taxpayer shall notify the collector of the appeal in the written statement required by subsection 1 of this section. The taxes so protested shall be impounded in a separate fund and the commission may order all or any part of such taxes refunded to the taxpayer, or may authorize the collector to release and disburse all or any part of such taxes in its decision and order issued pursuantto chapter 138, RSMo.

Thus, the law applicable to Nexus' claims for 1981 and 1982 and 1983 through September 27 is different from that applicable after September 27, 1983. For the latter year, on and after September 28, the taxpayer need not have commenced an action against the collector if the taxpayer had for that year already filed a timely and proper appeal of the protested tax with the state tax commission and properly notified the collector of that appeal. § 139.031.3 (1986).

Nothing could be more clear than that both the old and the new § 139.031 require that some action to protest tax assessments and to seek a refund of protested taxes paid be taken within the time pre-

**2.** 1983 Mo.Laws 430, S.B. 63, 60, 48, 65 and 71, effective September 28, 1983.

scribed in § 137.385, § 138.430 and § 139.031. Section 137.385 requires that one may appeal the assessment of his property to the county board of equalization, but that appeal "shall be lodged ... before the third Monday in June; provided, that the board may in its discretion extend the time for filing such appeals."

Next, through September 27, 1983, § 138.430 gave every property owner the right to appeal to the state tax commission from the board of equalization under rules prescribed by the commission.

Finally, through September 27, 1983, § 139.031 allowed any taxpayer to protest taxes assessed against him by paying the tax under protest and filing with the collector a written statement of the grounds for the protest and, within ninety days of filing the protest, by commencing an action in the circuit court against the collector to recover the amount protested. If the taxpayer failed to commence that circuit court action within the ninety days, his protest would become null and void, permitting the collector to disburse the fund collected to the proper officials. Since the effective date of the 1983 amendment of § 139.031, September 28, 1983, however, the taxpayer may rely on his appeal to the state tax commission to preserve his rights without resort to the circuit court action against the collector, provided that he files his protest and his appeal in a proper and timely fashion.

To preserve its rights with regard to assessments in the years 1981 through 1983, where the dispute involved assessments or valuations as they do in this case, the statutory scheme then in effect required Nexus to take certain action. First, under § 137.385 it had to appeal an assessment to the Platte County Board of Equalization "before the third Monday in June," unless the board extended the time for filing such appeals. In 1981, that date was June 15, in 1982 it was June 21, and in 1983 the third Monday fell on June 20. The record reveals no extensions of time to file appeals for any year in question.

Second, in the years 1981, 1982, and in 1983 through September 27, under § 138.430 as then in effect, Nexus had to appeal any adverse decision of the board of equalization to the state tax commission under rules of that commission. For counties of the second class such as Platte County, those rules in 1981 through 1983 required that the appeal be filed in the calendar year in which the challenged assessment was made not later than September 30. *See* former rule 12 CSR 30–2.-030(b)(B). *Cf.* present rule 12 CSR 30–3.-010(1)(B).

Third, for the years 1981 through September 27, 1983, Nexus also had to pursue a second remedy, that is, a civil action in the circuit court against the county collector for the recovery of the taxes paid under protest. This issue was presented to the Eastern District of this court in *Stout Industries, Inc. v. Leachman,* 699 S.W.2d 129 (Mo.App.1985). There the court held at 131 that, where a taxpayer wanted to recover taxes paid under protest, he had to comply with the two-part statutory scheme, simultaneously and meticulously following the two distinct statutory routes:

> First, the taxpayer must file an administrative appeal with the appropriate agency to review their assessment, as provided in § 138.430. [Citing W. Prugh, *Property Tax Appeals in Missouri: New Procedures Effective in 1983,* 40 J. of Mo.Bar 23 (1984).] Secondly, the taxpayer must initiate a separate judicial proceeding to obtain a refund of the amount of taxes paid under protest, as provided in § 139.031.2.... *See e.g., Adcor Realty v. State Tax Com'n,* 627 S.W. 2d 604 (Mo. banc 1982). These statutory procedures must be "meticulously followed." *Adcor Realty,* 627 S.W.2d at 606.

This two-pronged course of seeking relief was applicable before the 1983 amendment of § 139.031 even in cases in which constitutional claims were raised unless the sole issue was the facial constitutionality of a statute. *Id.* And the 1983 amendment of § 139.031 by the addition of subsection 3 has not eliminated the requirement to file a protest and an administrative appeal and to proceed through the board of equalization and the state tax commission, although it retains the requirement that a § 139.031.2 circuit court action against the collector be filed if an appeal to the state tax commis-

sion has not been filed within ninety days of the filing of the original protest.

In the present case the plaintiff acknowledges that it did not even pay the 1981 and 1982 assessed taxes until 1985, did not pay the 1983 assessed taxes until 1986, and that in no case did it pursue an administrative appeal through the board of equalization and the tax commission.

In substance, Nexus seeks to avoid the time-for-filing requirements of the statutory process for correcting incorrect valuations and assessments provided for in § 137.385, § 138.430, 139.031, and the CSR. In *C & D Investment Co. v. Bestor*, 624 S.W.2d 835, 838 (Mo.1981) (en banc), the Supreme Court held that the statutory remedy is adequate, certain and complete, and, where no question appears of overreaching by the taxing authority, § 139.031 is not a substitute for the administrative provisions relating to assessments and it "may not be used by the taxpayer to avoid the time limitations of" the administrative appeals from questioned assessments.

Nexus, thinking that it had an alternative way to proceed to protest and appeal from the unlawful assessment of its property, ignored all of the statutory requirements for asserting its rights. We have found no modern Missouri case in which a taxpayer complaining of an unlawful (as opposed to an unconstitutional) assessment or valuation has successfully proceeded without at an absolute minimum timely appealing the assessment to the board of equalization pursuant to the statutes. Nor have we been shown such a case in which a taxpayer has prevailed in a suit against the collector where he failed to pay the taxes as assessed by December 31 of the year of the assessment or failed to file suit within ninety days of filing his timely protest.

Moreover, the Missouri Supreme Court has held that where the taxpayer has an administrative remedy, he must first exhaust that remedy before the courts will act. *Sperry Corp. v. Wiles*, 695 S.W.2d 471, 472–73 (Mo.1985) (en banc). Ordinarily, if the administrative remedy is adequate, it is exclusive. *B & D Investment Co., Inc. v. Schneider*, 646 S.W.2d 759, 762 (Mo.1983) (en banc). The taxpayer's reme-dy under § 139.031 (before the 1983 amendment) was a fair and adequate remedy in circumstances such as these, and, as is implicit in the decisions of the Supreme Court, the taxpayer's remedy under § 139.031 is exclusive. *Id.* at 763. Its failure to comply with § 139.031.1. bars recovery of the taxes in question. *Id.* at 764.

Plaintiff nevertheless contends that *Avis Rent A Car Systems v. State Tax Commission of Missouri*, 716 S.W.2d 871 (Mo. App.1986), is controlling. In *Avis*, however, the plaintiff paid the taxes under protest within the statutory time limits and then proceeded to move through administrative channels. The court was called upon to review the findings of the state tax commission and did so. Had plaintiff in the present case timely followed the same procedures that Avis followed, the result in the present case might have been the same as in *Avis*. Having failed to proceed in a timely manner in conformance with the statutory scheme, Nexus lost its opportunity to obtain a refund of the taxes it later paid.

We have carefully considered all the points raised and all authorities cited by plaintiff, but for the foregoing reasons, we affirm the judgment of the trial court.

All concur.