STATE, ex rel. OAKWOOD MANOR
NURSING CENTER, d/b/a Oakwood
Manor, and State, ex rel. Park Place
Care Center, Inc., d/b/a Oakwood Manor, Respondents,

v.

Gary J. STANGLER, Director, Department of Social Services, and Jane Y.
Kruse, Assistant to the Director, Department of Social Services, Appellants.

No. WD 43521.

Missouri Court of Appeals,
Western District.

March 26, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 30, 1991.

Application to Transfer Denied
June 11, 1991.

■■■■■■■■■■■■■■■■■■■■■■■

Daniel M. Czamanske, Jr., Jefferson City, for appellants.

Harvey M. Tettlebaum, Jefferson City, for respondents.

Before LOWENSTEIN, P.J., and BERREY and GAITAN, JJ.

GAITAN, Judge.

Oakwood Manor Nursing Center, Inc. and Park Place Care Center, Inc. (plaintiffs), are general corporations operating separate nursing home facilities in Missouri which participate in Medicaid, a federally funded medical program. Defendants are the director (Stangler) and an assistant to the director (Kruse) of the Missouri Department of Social Services which is charged with administering the Medicaid program and disbursing federal funds. Plaintiffs sought a writ of mandamus from the Circuit Court of Cole County compelling defendants to grant an increase in the Medicaid per diem reimbursement rate as of July 1, 1989. The circuit court granted plaintiffs' request. The defendants appeal the circuit court's decision. We reverse and remand for a hearing before the Administrative Hearing Commission pursuant to Mo.Rev.Stat. § 208.156.2 (1986), and Mo. Rev.Stat. § 621.055 (1986).

During 1989, nursing homes in Missouri participating in the Medicaid program were permitted to seek reconsideration of their Medicaid per diem reimbursement rate based on a change in the case mix of the facility. A facility seeking such a rate change was required to make application with the Division of Medical Services of the Department of Social Services. Mo.Code Regs. tit. 13, § 70–10.010(7) (1990). The department refers these applications to an Advisory Committee for more detailed consideration. The Advisory Committee, after consideration of the application, makes a "recommendation" to the department as to whether the rate increase is justified. Mo. Code Regs. tit. 13, § 70–10.010(7)(A) (1990). The director of the Department of Social Services, or his/her designee, must issue a decision accepting, rejecting, or modifying the recommendation within fifteen days of receipt of the Advisory Committee's recommendation. Mo.Code Regs. tit. 13, § 70–10.010(7)(A) (1990); Mo.Code Regs. tit. 13, § 70–10.010(7)(A)2F (1990).[1]

In June of 1989, both plaintiffs made application for rate changes with the Division of Medical Services of the Department of Social Services. On September 28, 1989, these applications were forwarded to the Advisory Committee. The committee recommended approval of the rate changes to Stangler's designee, Kruse, on October 13, 1989. Although there was correspondence between the defendants and plaintiffs after the Advisory Committee's recommendation, no representative of the Department, including Stangler and Kruse, issued a "final decision" within fifteen working days of receiving the Advisory Committee's recommendation as required by Mo.Code Regs. tit. 13, § 70–10.010(7)(A)2F (1990). In fact, Kruse did not issue a purported "final decision," rejecting the Advisory Committee's recommendation, until March 9, 1990.

In December of 1989, plaintiffs each sought a writ of mandamus compelling the Department to effectuate the rate increase reflected in the recommendation. The theory in both of plaintiffs' petitions was identical: The director of the Department of Social Services, or his designee, Kruse, lost discretion to issue a "final decision" at the end of the fifteen day period stated in Mo.Code Regs. tit. 13, § 70–10.010(7)(A)2F (1990), and thus adopted by default the recommendation of the Advisory Commit-

---

1. Section 70–10.010(7)(A) states that "[t]he director may accept, reject, or modify the advisory committee's recommendations."

 Section 70–10.010(7)(A)2F states:

 F. Final determination on rate adjustment. The Director or his/her designee's final decision on each request shall be issued in writing to the provider within fifteen (15) working days from receipt of the committee's recommendation.

tee. Plaintiffs presented their case to the trial court as a consolidated action. The trial court granted a writ of mandamus based upon the merits of the present action and also upon collateral estoppel.

"The doctrine of exhaustion of administrative remedies requires that where a remedy before an administrative agency is provided, relief must be sought by exhausting this remedy before the courts will act." *Sperry Corp. v. Wiles,* 695 S.W.2d 471, 472 (Mo. banc 1985) (citing 2 Am. Jur.2d *Administrative Law* § 595 (1962)). Indeed, Missouri courts have stated that exhaustion of administrative remedies is jurisdictional for the courts. "Ordinarily, if the administrative remedy is adequate, it is exclusive." *Nexus Rent–A–Car, Inc. v. Nash,* 747 S.W.2d 683, 687 (Mo.App.1988). Therefore, if there exists an administrative remedy not exhausted by the plaintiffs, the circuit court was without subject matter jurisdiction. We hold that Mo.Rev.Stat. § 208.156.2 (1986), and Mo.Rev.Stat. § 621.055 (1986), working in concert provided plaintiffs with an administrative remedy before the Administrative Hearing Commission and thus the circuit court was without jurisdiction to issue a writ of mandamus.

The Administrative Hearing Commission's jurisdiction over the present dispute is conferred by Mo.Rev.Stat. § 621.055 (1986), which states in relevant part:

> Any person authorized under section 208.153, RSMo, to provide services for which benefit payments are authorized under section 208.152, RSMo, may seek review by the administrative hearing commission of any of the actions of the department of social services specified in subsection 2, 3, or 4 of section 208.156, RSMo.

Mo.Rev.Stat. § 621.055 (1986). Thus, if the department's actions in this case fall under subsections 2, 3, or 4 of § 208.156, the administrative hearing commission had jurisdiction, to the exclusion of the circuit court, to entertain a petition from plaintiffs. *See generally Nexus Rent–A–Car,*

*Inc. v. Nash,* 747 S.W.2d 683, 687 (Mo.App. 1988).

Mo.Rev.Stat. § 208.156.2 (1986), states:

> Any person authorized under section 208.153 to provide services for which benefit payments are authorized under section 208.152 whose *claim for reimbursement* for such services is denied or *is not acted upon with reasonable promptness* shall be entitled to a hearing before the administrative hearing commission pursuant to the provisions of chapter 161, RSMo.

Mo.Rev.Stat. § 208.156.2 (1986) (emphasis added). There has never been any question that plaintiffs are authorized under Mo.Rev.Stat. § 208.153 (1986), to provide services and receive payments authorized by § 208.152. Rather, the issue is whether the Department's failure to act upon plaintiffs' per diem rate change request within the fifteen day time limitation of Mo.Code Regs. tit. 13, § 70–10.010(7)(A)2F (1990), was a "claim for reimbursement ... not acted upon with reasonable promptness." Given the fact that the Department failed, by months, to meet the fifteen day time limitation it imposed upon itself, the issue can be further refined to whether plaintiffs were making a claim for "reimbursement."

We hold that the term "reimbursement" as used in § 208.156.2 is sufficiently broad to include claims for "reimbursement" in the form of requests for Medicaid per diem rate reconsideration. Nothing leads us to the conclusion that "reimbursement" was intended by the legislature to apply only to claims for past services rendered. This issue has been similarly resolved by the recent decision of *Greene County Nursing and Care Center, Inc. d/b/a Green Haven v. Dept. of Social Services and Missouri Division of Medical Services,* 807 S.W.2d 117, 118–19 (Mo.W.D.Ct.App.1991), where this court defined "reimbursement" to include claims for rate reconsideration.

The doctrine of exhaustion of administrative remedies serves to conserve judicial resources and prevent premature interruption of the administrative process. By holding that "reimbursement" as used in

§ 208.156.2 applies to the facts of the present action, we further these policy considerations and in no way prejudice the plaintiffs. Accordingly, we hold that the trial court did not have subject matter jurisdiction and could not issue a valid writ of mandamus. Therefore, we reverse the circuit court and the action is remanded to the Administrative Hearing Commission.

All concur.

