MISSOURI BLUFFS GOLF JOINT VENTURE and Missouri Golf, Inc., Plaintiffs/Respondents,

v.

ST. CHARLES COUNTY BOARD OF EQUALIZATION, Defendant/Appellant.

No. 71272.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 25, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 23, 1997.

Application to Transfer Denied
May 27, 1997.

Joann Leykam, St. Charles, for defendant/appellant.

Daniel L. Goldberg, St. Charles, Mark G. Arnold, Husch & Eppenberger, St. Louis, for plaintiffs/respondents.

PUDLOWSKI, Judge.

The St. Charles County Board of Equalization (Board), appellant herein, appeals the St. Charles County Circuit Court's peremptory writ of mandamus ordering it to presume that § 172.273.3 RSMo 1994 (Statute) is constitutional and to make its determination on the tax exemption of respondent's leasehold accordingly. The Board also appeals the circuit court's denial of its oral motion to amend its pleading to include the constitutionality of the Statute. Finally, the Board attempts to appeal on behalf of the St. Charles County Assessor (Assessor) on the court's denial of the Assessor's motion to consolidate the respondent's mandamus action with the declaratory judgment action addressing the constitutionality of the same Statute.

Because the Board must presume the Statute to be constitutional and determine the exemption issue according to the Statute, the circuit court did not abuse its discretion or exceed its jurisdiction in ordering the Board to do so. Also, because the Board exceeded its jurisdiction by considering the constitutionality of the Statute when making its determination on the exemption, the existence of other adequate remedies, administrative or judicial, does not preclude mandamus. Accordingly, we find that the circuit court lawfully entertained jurisdiction and did not abuse its discretion in issuing the peremptory writ of mandamus. We find further that the circuit court did not abuse its discretion in denying appellant's motions to amend its petition to raise the constitutionality of the Statute as the Board has no standing to raise the issue. Finally, we find that the Board is also without standing to appeal for the Assessor on the issue of consolidation of the mandamus and the declaratory judgment action. The judgment of the circuit court is affirmed and the stay, issued by this court, on the peremptory writ of mandamus of September 12, 1996, is hereby lifted.

The Board hears appeals of valuation and exemption on real and personal property as that valuation and exemption has been determined by the Assessor. Respondents are Missouri Bluffs Golf Joint Venture and Missouri Golf, Inc. (Missouri Bluffs). Missouri Bluffs is a tenant of the Missouri Research

Park and operates a for-profit golf course on the land leased from the Missouri Research Park and owned by the University of Missouri.

Assessor gave Missouri Bluffs notice that it was assessing the possessory interest owned by them in the golf course and assessed a value to the leasehold interest. Missouri Bluffs appealed to the St. Charles Board of Equalization. Missouri Bluff's appealed asserting that its leasehold was exempted from taxation by the Statute.

In 1994 and 1995 the University of Missouri had tenants in the park, authorized under the Statute, who were issued notices of assessment for tax by the Assessor. Missouri Bluffs was one of these tenants and was so assessed. In each of these years Missouri Bluffs appealed to the Board. The Board voted to exempt the leasehold in each of these years, even though the Assessor raised the constitutionality and the applicability of the Statute and filed a Declaratory Judgment action.[1]

In 1996, the Assessor again issued a notice of assessment, refusing to exempt Missouri Bluffs' leasehold interest. Missouri Bluffs filed two appeals with the Board. Appeal number 96–95 addresses the issue of the exemption and number 96–96 addresses the valuation of the property. The appeal on the issue of exemption provides the substance of this appeal. On August 13, 1996 the Board voted to stay the decision on the exemption issue "due to irreconcilable conflict between the constitution and applicable law." On August 14, 1996 the Assessor filed a declaratory judgment action alleging the unconstitutionality of the Statute. The Assessor's action was filed in the Circuit Court of St. Charles County, Division 2. The action is still pending.

On August 22, 1996, Missouri Bluffs filed its Petition in Mandamus in the Circuit Court of St. Charles County, also assigned to Division 2. On August 29, 1996 the circuit court issued an order for the Board to meet on the exemption appeal and to vote on the issue and set forth the basis for its decision.

The Board met on September 5, 1996, and voted to tax Missouri Bluffs' leasehold at 100%, thereby denying the exemption provided by the Statute. The Board based its decision on the "unresolved perceived conflict on the issue between the law and the constitution."

On September 10, 1996, Missouri Bluffs filed its Amended Petition in Mandamus and its Motion for Leave to File the Amended Petition in Mandamus. The circuit court issued the peremptory writ of mandamus ordering the Board to reconsider its decision of September 5, 1996. In the order the court ordered the Board to make its determination based solely on: (1) the application of the language of § 172.273.3 and "with the presumption that the said Statute is, in fact, constitutional;" and (2) the evidence adduced before the Board of Equalization. The court further denied the Board's oral motion to amend its answer to raise the constitutionality of the Statute. The order granting the peremptory writ of mandamus also denied the Assessor's Motion to Consolidate the Declaratory Judgment action with the mandamus action pending before the court.

The Board then filed a notice of appeal and also requested a stay of the circuit court's ruling pending appeal. This court granted the stay pursuant to Rule 92.04 and ordered an expedited briefing and argument of the case.

We will first address the Board's first and third points regarding the propriety of the writ of mandamus and will lastly address the Board's second point.

■ In its first point on appeal, the Board asserts that the trial court erred in issuing the peremptory writ of mandamus. The Board asserts that the court exceeded its jurisdiction in ordering the Board to reconsider its original decision without considering Article X, Section 6 of the Missouri Constitution. We disagree.

We review the grant or refusal of a writ of mandamus under an abuse of discretion stan-

---

1. The constitutionality claim was dismissed from the declaratory judgment action filed with regard to the 1994 tax year. The constitutionality of the Statute is still pending in the Declaratory Judgment action filed in 1996 in the St. Charles County Circuit Court, CV196–5177.

dard. A writ of mandamus will not be reversed where it appears to have been lawfully exercised and no abuse is shown. *Williams v. Gammon,* 912 S.W.2d 80, 83 (Mo.App. W.D.1995).

■ The Board, an administrative agency, has no jurisdiction to consider the constitutionality of the Statute. *State Tax Commission v. Administrative Hearing Commission,* 641 S.W.2d 69, 75 (Mo. banc 1982); *Duncan v. Missouri Board for Architects, Professional Engineers and Land Surveyors,* 744 S.W.2d 524, 531 (Mo.App.1988). The Board claims that it needed to consider both the Statute and the constitutional provision in order to reach the decision required of it. The Board realizes that its duties are limited to the ascertainment of facts and the application of existing law in order to resolve issues within the given area of expertise. *State Tax Commission,* 641 S.W.2d at 75. The existing law under which the Board is to determine the exemption issue is the Statute and not the constitution. The Board, however, may also hear evidence from the Assessor to develop a factual record in which the constitutionality of the Statute may be determined later, in the proper forum. *See Schierding v. Missouri Dental Board,* 705 S.W.2d 484, 487 (Mo.App. E.D.1985). At the same time, the Board is to presume the Statute is constitutional and has no power to declare it otherwise. *Beatty v. State Tax Commission,* 912 S.W.2d 492, 495 (Mo. banc 1995).

The Statute, in pertinent part, reads as follows:

> The utilization of the real property, as provided by subsection 1 of this section, is hereby deemed to be a public purpose and in furtherance of the purposes of the university. Provided such land is owned by the university, no leasehold or other interest therein, by whomsoever held, shall be separately assessed or taxed, and such real property as a whole shall be deemed the property of the curators of the University of Missouri and be exempt from all forms of property tax.
> § 172.273.3 RSMo.1994.

The Statute is unambiguous and clearly provides an exemption to the leasehold held by Missouri Bluffs. Indeed, the Board found this to be true in the years 1994 and 1995. It was not until the Board considered the constitutionality of the Statute that it felt it must deny the exemption or issue a stay until the issue is judicially adjudicated. By doing so, the Board acted outside its jurisdiction as it is to presume that the Statute is constitutional and determine the issue of exemption according to the Statute only. The Board is to apply the evidence adduced at the hearing to the Statute and determine whether it provides Missouri Bluffs with an exemption. It is the Assessor's right, as a representative of the County, to raise the constitutionality issue in the proper forum. As we stated, the Board may hear evidence from the Assessor regarding the constitutionality of the Statute but only for the purposes of creating a record for the issue to be resolved judicially. To allow the Board, and other similar agencies, to assess the constitutionality of the statutes they are to enforce, would create chaos and inefficiency in our administrative system and vest in the Board powers reserved for the judiciary. The Circuit Court, therefore, did not unlawfully exercise jurisdiction or abuse its discretion in ordering the Board to presume the Statute to be constitutional. Point one is denied.

■ In its third point, the Board claims that the writ of mandamus usurped its discretion and that there were other remedies available to Missouri Bluffs. The Board claims that mandamus, therefore, was an inappropriate remedy.

As we have stated, we review the grant or refusal of a writ of mandamus under an abuse of discretion standard and will not reverse unless the writ was unlawfully executed or abuse of discretion is shown. *Gammon,* 912 S.W.2d at 83.

■ Ordinarily, mandamus will not issue to control the discretion of an administrative body. *State ex. rel. Keystone Laundry and Dry Cleaners, Inc. v. McDonnell,* 426 S.W.2d 11, 14 (Mo.1968). However, an exception to this general rule exists when "the administrative board (or court) has acted unlawfully or wholly outside its jurisdiction or authority or has exceeded its jurisdiction, and also where it has abused whatever discretion may

have been vested in it." *Id.* We find that the Board exceeded its jurisdiction when it made its ruling based on a perceived conflict between the Statute and the constitution. Furthermore, the writ simply ordered the Board to perform the ministerial function of presuming that the Statute is constitutional and did not affect the discretion of the Board to determine the exemption issue according to the Statute. Mandamus is appropriate to compel the performance of a ministerial duty. *State ex rel. Lane v. Kirkpatrick,* 485 S.W.2d 62 (Mo.1972). Accordingly, mandamus is a proper remedy to prevent such action by the Board.

■ The Board also attacks the writ as inappropriate due to the existence of other remedies, administrative and judicial. The Board cites the existence of the direct appeal to the circuit court, a response to the declaratory judgment action brought by the Assessor, and an appeal to the State Tax Commission as other adequate remedies available.

■ Mandamus is largely unavailable if the relator has failed to exhaust statutory administrative remedies and courts often do not have subject matter jurisdiction until those administrative remedies are exhausted. *State ex rel. Oakwood Manor Nursing Center v. Stangler,* 809 S.W.2d 90, 92 (Mo.App. W.D.1991). Furthermore, mandamus is generally not appropriate when another ordinary and adequate alternative remedy is available to the relator. *Norval v. Whitesell,* 605 S.W.2d 789 (Mo.1980). However, our Supreme Court, in *State, Bd. of Hlth. Ctr. v. County Com'n.,* 896 S.W.2d 627 (Mo. banc 1995), noted an exception to the general rule that mandamus is not appropriate when the relator has failed to exhaust administrative remedies. Mandamus is an appropriate remedy, whether or not administrative remedies have been exhausted, if an administrative body has acted unlawfully or exceeded its jurisdiction. *Id.* at 631. As a result, the availability of an appeal to the State Tax Commission does not preclude mandamus because the Board exceeded its jurisdiction by assessing the constitutionality of the Statute.

In *Keystone Laundry* the Supreme Court noted the general rule that "ordinarily mandamus does not lie where other remedies are available." *Id.* at 15. However, the Court went on to state that the administrative body acted "outside their jurisdiction by presuming to construe the constitution" and abused their discretion. *Id.* at 19. The court went on to hold that mandamus was, therefore, an appropriate remedy. We derive from *State, Bd. of Hlth Ctr.* and *Keystone Laundry* that when an administrative body exceeds its jurisdiction and acts unlawfully, mandamus may issue whether or not other adequate administrative or judicial remedies exist. Mandamus, in this situation, operates to compel the Board to proceed within its jurisdiction and presume the Statute is constitutional. Accordingly, because the Board exceeded its jurisdiction by considering the constitutionality of the Statute, the circuit court properly entertained jurisdiction over the matter and did not abuse its discretion by issuing the writ. The Board's third point is denied.

■ The Board's second point on appeal contends that the circuit court erred in denying the Board's oral motion to amend its pleading to include the constitutionality of the Statute. The Board also contends that the court erred in denying the Assessor's motion to consolidate the mandamus action with the declaratory judgment action pending before it.

■ The denial of an amendment is presumed correct and the burden is on the moving party to show that the trial court "palpably and obviously abused its discretion." *Jaron Corp. v. Pellet,* 866 S.W.2d 897, 902 (Mo.App.1993). The Board has made no such showing.

The Board lacks standing to bring the constitutionality issue before the circuit court or any court. In order to attack the constitutionality of the Statute, a party's rights must have been affected. *Lester v. Sayles,* 850 S.W.2d 858 (Mo. banc 1993). The Board has no stake in the resolution of the constitutionality of the Statute. The Board's statutory authority is to "determine all appeals from the valuation of property made by the assessor." § 138.060.1, RSMo 1994. The Board exists "for the benefit and protection of the taxpayers who think themselves aggrieved by assessments made by the county tax as-

sessor." *O'Flaherty v. State Tax Commission*, 680 S.W.2d 153, 156 (Mo. banc 1984). The Board, therefore, has no interest or right to be redressed by the resolution of the constitutionality of the Statute and lacks standing to plead the issue. *See State, Bd. Of Hlth. Ctr.*, 896 S.W.2d at 631. Accordingly, the circuit court did not abuse its discretion in denying the Board's motion to amend its pleading.

 The Board also lacks standing to appeal for the Assessor on his motion to consolidate the mandamus action and the declaratory judgment action. The declaratory judgment action pertains solely to the constitutionality of the Statute and the Board has no standing to be a party to the action. Point two is denied.

The judgment of the circuit court is affirmed. Respondent's motion to strike the assessor's "Memorandum to the Court" and the Board's reply brief is denied. The stay issued by this court pursuant to Rule 92.04 on the ruling of the circuit court is hereby lifted.

CRANE, P.J., and GERALD M. SMITH, J., concur.