HORIZONS WEST PROPERTIES, a Missouri Limited Partnership, Plaintiff-Appellant,

v.

George C. LEACHMAN, Tax Collector of the County of St. Louis, Missouri, Defendant-Respondent.

No. 59708.

Supreme Court of Missouri,
En Banc.

April 11, 1977.

Simon Rapoport, St. Louis, for plaintiff-appellant.

George W. Lang, II, Associate County Counselor, Clayton, for defendant-respondent.

HENLEY, Judge.

This is an action by Horizons West Properties (hereinafter plaintiff) against George C. Leachman in his capacity as Collector of Revenue of St. Louis County (hereinafter the Collector) to recover 1975 real estate taxes paid under protest. The Collector's motion to dismiss was sustained and the action dismissed. Plaintiff appealed. The appeal involves construction of a revenue law of this state, § 137.180, RSMo 1969 in particular.[1] We affirm.

The petition is in two counts. The allegations of Count I, omitting formal parts and the prayer, are as follows:

"6. On or about January 3, 1975 the plaintiff received a notice from the St. Louis County Department of Revenue, Division of Assessment, which notice stated in part that its 1975 real estate assessment of a certain building owned by plaintiff in St. Louis County had been increased from Two Hundred Fifty Thousand One Hundred Dollars ($250,100) to Three Hundred Eighty-One Thousand Dollars ($381,000) or an increase of One Hundred Thirty Thousand Nine Hundred Dollars ($130,900). This notice of increase in assessment which is incorporated herein by reference as Exhibit A stated in part:

'If you are not in agreement with the new assessment, you may call at the Assessor's Office, Third Floor, St. Louis County Government Center, in Clayton, before May 15 of this year to have your assessment reviewed.'

The notice further stated:

'This assessment may be appealed to the St. Louis County Board of Equalization, which will meet on the first Monday in June and continue until the last Saturday in July of this year. Your appeal must be filed before July 15 of this year.'

7. On or about February 19, 1975, after arranging a meeting with the St. Louis County Assessor's Office as provided in the notice which it received, plaintiff's general partner and building manager met with Richard Tegethoff, an agent and representative of the St. Louis County Assessor, Frank J. Antonio, to protest the increase in assessed value of plaintiff's building which increase was unreasonably high and totally disproportionate to the value of commercial real estate in the vicinity of plaintiff's building. At this meeting, Mr. Tegethoff, on behalf of the St. Louis County Assessor's Office informed the taxpayer that the St. Louis County Assessor's Office would review the new assessment and would advise

---

1. Section 137.180 is as follows:

"Whenever any assessor shall increase the valuation of any real property he shall forthwith notify the record owner of such increase, either in person, or by mail directed to the last known address; every such increase in assessed valuation made by the assessor shall be subject to review by the county board of equalization whereat the land owner shall be entitled to be heard, and the notice to the landowner shall so state."

the plaintiff of the outcome of this review. By these statements and actions, plaintiff was led to believe that the assessment of its property would be substantially reduced.

8. In good faith, plaintiff relied upon the representations made by the St. Louis County Assessor's Office that the assessor was reviewing the increase in assessment of plaintiff's real estate; and, consequently, did not file an appeal to the County Board of Equalization.

9. Plaintiff was notified after the time for appeal to the County Board of Equalization had passed that the St. Louis County Assessor's Office had not reviewed the assessment of plaintiff's real estate and that no adjustment would be made to the assessed value of plaintiff's property.

10. The failure to timely notify the plaintiff that the St. Louis County Assessor's Office would not review or change the assessed value of plaintiff's property after this office had agreed to such a review violated Section 137.180 R.S.Mo. 1969, since plaintiff did not have notice of the final assessed value placed on its property as required by the foregoing statute.

11. On the 3rd day of December, 1975, plaintiff paid under protest Eleven Thousand Two Hundred Ninety-eight Dollars and Twenty-seven Cents ($11,298.27) for certain real estate taxes extended against its real estate to the Collector of St. Louis County, Missouri.

12. At the time of paying such taxes, plaintiff filed with the collector a written statement setting forth the grounds on which its protest was based, together with the law including any applicable statutes and facts on which it relied in stating its protest, a copy of which statement is incorporated herein by reference as Exhibit B.

13. That said collector has rejected this protest and has failed to return the tax money paid under protest, though often requested to do so."

The allegations of Count II, omitting formal parts and the prayer, are as follows:

"2. Plaintiff reasonably relied upon the actions and the statements of the St. Louis County Assessor's Office that the assessed value of its property was being reviewed and that the assessment would be substantially reduced. By virtue of this reliance, plaintiff failed to take its appeal to the County Board of Equalization because it reasonably believed that the St. Louis County Assessor's Office was still reviewing the protest which it filed concerning the value of its property.

3. The St. Louis County Assessor's Office by its actions and statements to the plaintiff represented that the assessed value of plaintiff's property would be reduced and, for this reason, plaintiff did not believe it would be necessary and did not in fact take an appeal to the County Board of Equalization.

4. Failure of the county assessor to notify the plaintiff of the outcome of this review of the protested assessment denied plaintiff its right and opportunity to appeal the assessment to the County Board of Equalization and, if necessary, to the State Tax Commission all in violation of Section 137.180 R.S.Mo. 1969. Said failure to notify also violated the Due Process and Assessment Clause[s] of the Missouri Constitution because the amount of the assessment was so disproportionate and unreasonable that it resulted in a deprivation of plaintiff's property without due process of law. (§ 10 Mo. Const. art. I, and § 3 Mo. Const. art. X).

5. By virtue of the actions of the St. Louis County Assessor's Office in representing to the plaintiff that the assessed value of its property would be reviewed and reduced, St. Louis County is estopped to defend this claim on the basis that plaintiff should have appealed its assessment to the County Board of Equalization or to claim that the notice which plaintiff received was adequate under the terms of Section 137.-180 R.S.Mo. 1969."

The ultimate question presented is whether the notice of increase in assessment admittedly given plaintiff by the assessor is the notice required by § 137.180. If it is not, as plaintiff contends, the court erred in dismissing his action on defendant's motion. *John Calvin Manor, Inc. v.*

*Aylward*, 517 S.W.2d 59, 65[6] (Mo.1974). Plaintiff contends the notice does not meet the requirements of that section and is, in effect, no notice and therefore void for the following reasons: (1) the notice contained an invitation to meet with the assessor for review of the assessment if plaintiff did not agree with it; (2) in response to the invitation, plaintiff's agent met with the assessor's agent, sought reduction in the assessment, was told that it would be reviewed and plaintiff notified of the result thereof; (3) plaintiff was led to believe "by these statements and actions" that the assessment would be substantially reduced; (4) the assessor did not notify plaintiff that the assessment would not be reduced until too late for plaintiff to appeal to the county Board of Equalization.

Section 137.115 requires the assessor between January 1 and June 1, annually to make a list of all real property taxable in his county and assess the same at 33⅓% of its true value in money. Section 137.180 requires that when he increases the valuation of real property the assessor shall forthwith notify the owner of the increase and of his right to a review thereof by the county Board of Equalization. Section 137.375 requires the assessor to make and deliver his assessment book to the county court annually not later than May 15. Section 137.385 provides that any person aggrieved by an assessment of his property may appeal to the county Board of Equalization by filing a notice of appeal on forms furnished by the county clerk. Subsection 2 of § 138.340 provides for an appeal to the State Tax Commission from an order of a local Board of Equalization.

 The court did not err in dismissing Count I of plaintiff's petition. The system provided by our statutes for determination of the assessed value of real property for tax purposes, notice to the landowner of any increase in assessed valuation, and his right to appeal with an opportunity to be heard thereon, is a full, complete and orderly procedure which does not permit of any other action or proceedings by agents of the state and county or the landowner binding on the state. The landowner in this case was given the full notice required by the statute where there has been an increase in assessed value; however, the notice given was broader than authorized or required in that it suggested the assessor would review his act of increasing the assessment if the landowner did not agree with it. There is no statutory requirement that the assessor review his assessment upon request of the landowner; nor is there statutory authority for such procedure, or authority in the assessor to reduce his assessment once made. The only local body authorized to reduce such assessment is the Board of Equalization.

Plaintiff recognizes that there is no statutory *requirement* for review by the assessor "after * * * notice of an increase in assessment is sent to the taxpayer." However, he argues that since the assessor provided for such review and invited application therefor it was his [the assessor's] obligation to inform plaintiff of the result of such review in time for an appeal to the Board of Equalization. His argument ignores the fact that there is no statutory *authority* for a review by the assessor of an increase in an assessment, or such authority in the assessor to reduce an assessment once made. The only function of the assessor after increasing an assessment is to notify the landowner of that fact and of his right to seek review by the Board of Equalization. And, as stated, only that Board has authority to reduce an assessment. It was the landowner's obligation to take action within the time provided by statute for an appeal to the Board; it had no legal right to rely upon statements of an assessor's agent, because those statements were contrary to the revenue laws of this state.

What we have said is sufficient to answer plaintiff's additional point relative to Count II: that the allegations of Counts I and II of its petition "were sufficient to raise substantive due process and estoppel issues in that the actions of the assessor's agents deprived [it] of the right to a hearing and an appeal of its * * * assessment." Plaintiff's point, as we understand it, is

that it had a right to rely on statements of the assessor's agent; that those statements were that the assessor would review the assessment, would reduce it substantially, and plaintiff would be notified in time to appeal to the Board of Equalization; that since plaintiff did rely on these statements and, relying thereon, did not appeal to the Board, (1) plaintiff was denied a hearing before the Board in violation of Mo.Const. Art. I, § 10; and (2) the Collector and other taxing authorities are estopped from asserting as a bar to recovery the defense that plaintiff failed to exhaust its administrative remedy of appeal to the Board.

Plaintiff's theory is, in a nutshell, based on the premise that it had a right to rely on statements of the assessor's agent and therefore had no obligation to follow the statutes providing for review by the Board or the procedures by which to seek that review. The premise is false. Plaintiff had no legal right so to rely and had the obligation to follow the statutes. The court did not err in dismissing Count II.

The judgment is affirmed.

All concur.