**GRANDVIEW BANK AND TRUST COMPANY, Respondent-Plaintiff,**

v.

**STATE TAX COMMISSION of Missouri, Appellant-Defendant.**

**No. WD 31796.**

Missouri Court of Appeals, Western District.

May 19, 1981.

R. Jay Ingraham, County Counselor, Michael F. Dandino, Associate County Counselor, Kansas City, for appellant-defendant.

Rodger J. Walsh, Robert C. Barry, Kansas City, for respondent-plaintiff.

Before SOMERVILLE, P. J., and SHANGLER and MANFORD, JJ.

SOMERVILLE, Presiding Judge.

The State Tax Commission of Missouri (Commission) appeals from a judgment of the Circuit Court of Jackson County reducing the 1977 assessed valuation of Grandview Bank and Trust Company's (Bank) banking house. Appellate jurisdiction of this court is questioned at the very outset.

The Bank contends that exclusive appellate jurisdiction of this appeal is vested in the Supreme Court because construction of a revenue law is involved. Mo.Const. Art. V, § 3. The law denominated by the Bank as a "revenue law" is Section 138.110, RSMo 1969 (now Section 138.110, RSMo 1978): "Complaints as to rulings of the county board of equalization in such counties shall be filed according to law with the state tax commission and not later than August fifteenth of the year in which such ruling was made."

The following facts put the jurisdictional issue in proper perspective: the Bank appealed the assessment of its property to the Jackson County Board of Equalization; the Jackson County Board of Equalization notified the Bank of its decision on August 31, 1977; the Bank filed a petition for review with the Commission on September 1, 1977; the Commission dismissed the Bank's petition for review on the ground that it did not have jurisdiction because the petition for review was filed after August 15, 1977, in violation of Section 138.110, RSMo 1969; the Bank filed a petition for review in the Circuit Court of Jackson County which held "[t]hat Sec. 138.110 which requires filing of the appeal before the Commission before August 15 of the year in which the ruling was made means that if the Board [Board of Equalization] renders a decision after August 15, as it did here, then the taxpayer has until August 15 of the following year to appeal"; the Circuit Court of Jackson County then proceeded to reassess the Bank's property without the benefit of an evidentiary hearing.

Construction of Section 138.110, *supra*, and resolution of this appeal are inseparable. Under the authority of *Drey v. State Tax Commission*, 323 S.W.2d 719 (Mo.1959), this court concludes that Section 138.110, *supra*, is a "revenue law" within the contemplation of Mo.Const. Art. V, § 3. In *Drey*, the meaning of Section 137.275, Laws of Missouri 1945, which read as follows, was the pivotal issue on appeal: "Every person who thinks himself aggrieved by the assessment of his property may appeal to the county board of equalization, in person, by

attorney or agent, or in writing." The Supreme Court held it was vested with exclusive appellate jurisdiction as the statute subject to construction was a revenue law within the purview of Mo.Const. Art. V, § 3. A striking similarity exists between Section 138.110, *supra,* and the statute in *Drey* in that both relate to statutory procedural aspects of obtaining review of assessed values of real property for ad valorem tax purposes. If construction of a revenue law was at issue in *Drey,* then logic dictates that construction of a revenue law is at issue in the instant case.

This case is transferred to the Supreme Court as it involves construction of a revenue law. Mo.Const. Art. V, § 3; *Drey v. State Tax Commission, supra.*

All concur.