**ST. LOUIS CONCESSIONS, INC.,**
**Plaintiff–Appellant,**

**v.**

**CITY OF ST. LOUIS, Ronald A. Leggett and Dennis Hill, Defendants– Respondents.**

No. 68763.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 28, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1996.

---

Concessions owned tangible personal property located at the St. Louis riverfront that had, for several years prior to and including 1993, been given an assessed value of $88,-709.00 by the City with a resulting City tax liability of $6,486.05. This property was damaged during the flood of 1993. Concessions asserts it conferred with the City assessor's office for advice in determining the 1994 value of the damaged personal property. Some evidence indicates Concessions submitted a statement to the City declaring the 1994 value of the personal property was $836,851.00. This value, if accepted, would have resulted in an assessed value of $267,-792.00 and a tax liability of $19,705.05. The City assessor did not accept Concessions' valuation but entered an assessed value of $50.00 on the property resulting in a City tax liability of $3.53.

On approximately October 8, 1994, a City audit brought the assessor's office's attention to its "error" in assessing Concessions' property at only $50.00. To correct this "error," the City Assessor sought permission from the City Comptroller to change the assessment records. *See* § 137.525, RSMo 1994. Upon approval of the request, the 1994 City records were changed to place a $429,036.00 value on Concessions' personal property. The property was thus assessed at a value of $143,012.00 with a tax liability of $10,102.39. The City sought to collect this increased tax liability.

Concessions filed a petition with the circuit court to enjoin the City from collecting the increased tax liability. After a full briefing by both parties and a hearing at which both parties were represented by counsel, the circuit court found the $50.00 assessment of Concessions' property was a "manifest error"; however, the court further found correcting that error upwards to $143,012.00 was an "increase" within the meaning of § 137.490, RSMo 1994, requiring the assessor to give notice of the increase to Concessions. The court noted the purpose of the notice is to allow the taxpayer suffering an assessment increase an opportunity to appeal the valuation to the board of equalization. By statute, the board of equalization holds

Thomas A. Connelly, St. Louis, for Appellant.

Richard J. Mehan, Tyrone A. Taborn, Michael D. Stokes, St. Louis, for Respondents.

DOWD, Judge.

St. Louis Concessions, Inc., (Concessions) appeals from that portion of the circuit court's injunction granted in favor of Concessions and against the Respondents (the City) ordering the 1994 board of equalization to reconvene to provide administrative review of Concessions' 1994 personal property tax assessment. We modify and affirm as modified.

session for only four weeks beginning on the third Monday in May. *See* § 138.170, RSMo 1994. The 1994 board of equalization was no longer in session at the time the City altered the tax records to increase Concessions' assessment. The court held "failure of the assessor or the Board of Equalization to give the statutory notice of increase in assessed value may deny the taxpayer opportunity to exhaust his administrative remedy to contest that increase before the Board of Equalization; in such circumstances, the taxpayer may enjoin collection of taxes based upon the increase" citing *Buck v. Leggett,* 813 S.W.2d 872, 876[4–6] (Mo. banc 1991); § 137.490, RSMo 1994. The Court found "that [the City] failed to give [Concessions] notice of the increased assessment and deprived [Concessions] of an opportunity to challenge the assessment." Therefore, the court entered the following order:

> Based upon the foregoing it is the order and judgment of this Court that [Concessions] motion for injunctive relief is GRANTED. The [City is] ordered to refrain from any efforts to collect the 1994 Personal Property Taxes alleged to be owed by [Concessions] until such time as [Concessions] has exercised and exhausted all the administrative remedies that would allow [Concessions] to challenge the increase in assessment in 1994 over 1993. To give effect to the order, it is further ordered that [the City] must reconvene the 1994 Board of Equalization to hear [Concessions'] appeal of assessment, and [the City] may not challenge any appeal by [Concessions] as untimely, including any subsequent appeal to the State Tax Commissions.

Concessions appeals the portion of the court's injunction ordering the board of equalization to reconvene. Before we may reach this issue, we must first address the City's argument that the circuit court's order is not a final judgment upon which an appeal may be taken. *See Simms v. Ford Motor Credit Co.,* 605 S.W.2d 212, 214 (Mo.App. 1980). The City asserts the court's order is a temporary injunction that is interlocutory in nature. The City claims the order "was intended to remain in effect until [Concessions] either exercised the opportunity to appeal the corrected assessment for 1994 or waived the opportunity" and that the court "retained jurisdiction pending the outcome of the appeal process...." To further support this argument, the City notes the court (when it was docketing the hearing) referred to it as hearing for preliminary injunction. Additionally, counsel for both parties made a reference during the hearing itself to the hearing being for a preliminary injunction.

We agree with the City that a judgment should be construed in the light of the situation before the court and its meaning should be determined in light of the character and object of the proceeding. Citing *State v. Schieber,* 760 S.W.2d 557 (Mo.App. 1988). Three permissible phases exist in an injunction proceeding: 1) a restraining order granted against a defendant with or without notice or hearing; 2) a temporary injunction granted after notice and hearing; and 3) a permanent injunction granted after a final disposition on the merits of the case. *Pomirko v. Sayad,* 693 S.W.2d 323, 324 (Mo.App. 1985). A petitioner is not bound to proceed with each phase but may proceed directly to the last phase on the merits. *Id.* at 325. The purpose of the first two phases are to preserve the status quo until later adjudication of the permanent injunction on the merits. *Id.* at 324; *Reproductive Health Services, Inc. v. Lee,* 660 S.W.2d 330, 339 (Mo. App.1983).

Here, the issues of the injunction were fully pled and briefed by the parties. The tenor throughout the injunction hearing was the presentation and resolution of the merits of the issues raised. All the issues were addressed at the hearing and in the court's order. While the City asserts the court intended to "retain jurisdiction" over the matter, no issues of the injunction proceeding remained to be resolved. The court's order has the appearance and effect of a complete resolution of the grievances. Thus, we hold the court's injunction was an order for a permanent injunction that is an appealable final judgment.

We now address the remedy provided by the circuit court. Importantly, the City has

failed to properly make any challenge concerning the merits upon which the granting of the injunction rested.[1] We must assume the court's findings and conclusions, including the conclusion Concessions was not given notice and was denied the right to pursue administrative remedies, are true. Nothing in this opinion should be construed as a ruling on the propriety of these conclusions or on the procedures or rights the City may have for curing errors in its tax assessments. Nor, does this opinion propose to determine whether a statutory "increase" occurred triggering the City's duty to give notice.

■ The Supreme Court of Missouri has clearly defined the remedy available to a taxpayer not given notice "and consequently [did] not have the opportunity to appeal to the board of equalization during the limited period allowed for such appeals." *John Calvin Manor, Inc. v. Aylward,* 517 S.W.2d 59, 62 (Mo. banc 1974); *see* § 138.170–180, RSMo.1994.

> Where, as here, the failure to give notice of the increased assessment prevents the taxpayer from pursuing his administrative remedies, the increased assessment made by the assessor is void and, consequently, so is the tax computed thereon, ...
>
> &ast; &ast; &ast;
>
> Upon finding the increased assessment to be void, the circuit court properly ordered the increase stricken from the records and let the prior assessment stand.

*Aylward,* 517 S.W.2d at 65.

Based on the findings and conclusions we must assume are true, the court correctly enjoined the City from enforcing the 1994 tax liability based on the increased but "void" assessment. The court, however, ordered a remedy the Supreme Court of Missouri has not authorized for these circumstances. We, therefore, reverse that portion of the court's judgment ordering the 1994 board of equalization to reconvene and modify the judgment

to simply enjoin the City from collecting the 1994 tax liability based on the increased assessment.

Judgment modified and affirmed as modified.

CRAHAN, P.J., and CRANDALL, J., concur.

---

1. In its Respondents' Brief, the City's first two points assert the circuit court erred in granting the injunction for various reasons. However, the City did not file a notice of appeal or cross-appeal. *See* Rule 81.04. Thus, the City failed to preserve any claims of error it may have had against the circuit court's judgment. We may not address the City's first two points.