Gary STANTON, Assessor, Buchanan County, Missouri, Respondent,

v.

WAL–MART STORES, INC., Appellant.

No. WD 57277.

Missouri Court of Appeals, Western District.

May 2, 2000.

Robert James Bjerg, Kansas City, for appellant.

Pamela Cone, St. Joseph, for respondent.

RONALD R. HOLLIGER, Judge.

This appeal stems from a decision of the State Tax Commission (Commission) of Missouri rendered in a taxpayer appeal from the assessment of the value of real property. Wal–Mart Stores, Inc. (Wal–Mart) appeals from the judgment of the circuit court remanding the case to the Commission with directions to dismiss Wal–Mart's appeal concerning its payment of property tax for the 1997 tax year and to vacate the Commission's orders concerning the distribution of taxes paid. The sole issue on appeal is whether Wal–Mart properly paid its general property taxes under protest in compliance with § 139.031 RSMo.[1] Because we find Wal–Mart failed to comply with § 139.031's requirements for payment of taxes under protest, we affirm the judgment of the circuit court.

**Factual and Procedural Background**

Wal–Mart Stores, Inc., a corporation authorized to do business in Missouri, owned real estate located at 4201 North Belt Highway, St. Joseph, Buchanan County, Missouri. The Buchanan County Assessor (Assessor), Gary Stanton, valued this real estate at $14,399,670 for tax years 1997 and 1998. Wal–Mart appealed this valuation to the Board of Equalization (Board), claiming the Assessor overvalued the real estate. The Board agreed that the Assessor improperly valued the real estate, but it determined that the Assessor undervalued the property by approximately $2,000,-000. The Board increased the assessed value of the property to $16,377,970. On August 13, 1997, Wal–Mart appealed the Board's valuation to the State Tax Commission pursuant to RSMo § 138.430.

On October 17, 1997, the Commission sent the parties an order for the exchange of exhibits and pre-filed testimony. In the order, the Commission informed the parties that it would be unable to render a decision prior to December 31, 1997, and therefore, the Commission reminded Wal–Mart to pay its taxes under protest in accordance with § 139.031 in order to preserve its right of appeal. Wal–Mart paid its 1997 property taxes in full with a check for $223,264.49 dated December 18, 1997.

On January 20, 1998, the Assessor filed a motion to dismiss Wal–Mart's appeal to the Commission claiming Wal–Mart had not complied with protest requirements of § 139.031. Pat Rethemeyer, Collector of Buchanan County (Collector), signed an affidavit stating that the Collector's office received Wal–Mart's tax payment on December 26, 1997. The Collector also stated in the affidavit that the Collector's office did not receive a protest letter from Wal–Mart along with the check, and also did not receive any written notification from Wal–Mart about its pending appeal before the Commission concerning the property taxes paid. The chief hearing officer of the Commission issued a memorandum requesting that Wal–Mart provide the Commission with a copy of the protest letter it allegedly sent to the Collector and a copy of the canceled check (front and back).

In response to the Commission's memorandum, Wal–Mart sent the Commission copies of the following documents: (1) an undated, unsigned form protest letter addressed to the Tax Collector of Buchanan County, Missouri, stating that payment of taxes was made under protest; (2) a copy of the front side only of a check payable to the Buchanan County Collector in the amount of $223,264.49, dated December 18,

---

1. All Statutory references are to RSMo 1994 unless otherwise indicated.

1997, and the associated statement of remittance; (3) a copy of the front side only of a check payable to the City of St. Joseph in payment of its city real estate tax, dated September 29, 1997, and the associated statement of remittance; and (4) a receipt of certified mail addressed to the "Buchanan Cnty Treas." with a date stamp for an undeterminable day in December of 1997. On February 4, 1998, the chief hearing officer of the Commission entered an order denying the Assessor's motion to dismiss Wal–Mart's appeal and finding that Wal–Mart made a proper protest of its 1997 property taxes.

On April 29, 1998, a hearing officer of the Commission held an evidentiary hearing to determine the value of Wal–Mart's real estate located at 4201 North Belt Highway. At this hearing, the Assessor renewed its original motion to dismiss. On August 12, 1998, the hearing officer rendered a decision reducing the Board's assessment of the real estate. The hearing officer set aside the assessed values determined by the Assessor and the Board and ordered the Collector to disburse the protested taxes. The hearing officer again denied the Assessor's motion to dismiss Wal–Mart's appeal.

The Assessor filed a timely Application for Review of Decision of Hearing Officer with the Commission requesting a review of the hearing officer's August 12 th decision denying the Assessor's motion to dismiss and its order that the Collector, and other associated collectors, refund the protested taxes to Wal–Mart. On November 23, 1998, the Commission issued its order denying the Assessor's application for review and affirming the decision of the hearing officer.

The Assessor filed a petition for review of the Commission's order with the circuit court. In its petition, the Assessor challenged the Commission's finding that Wal–Mart complied with the requirements of § 139.031 for payment of its 1997 property taxes under protest. The circuit court found that there was no substantial evidence that Wal–Mart complied with § 139.031, and therefore, remanded the cause to the Commission to dismiss Wal–Mart's appeal concerning its tax assessment and vacated the Commission's orders entered after its hearing.

Wal–Mart timely appealed.

## I.

In its first point on appeal, Wal–Mart asserts that the circuit court erred in reversing the decision of the Commission because competent and substantial evidence existed showing that Wal–Mart properly paid its 1997 taxes under protest as required by § 139.031. Wal–Mart contends that the circuit court failed to give deference to the findings of the Commission as required by § 536.140, RSMo.

Appellate review of an administrative agency determination is limited to a review of the agency decision, not the judgment of the trial court. *Willing v. Div. of Child Support Enforce.*, 998 S.W.2d 568, 570 (Mo.App.1999); *Bruemmer v. Mo. Dept. of Labor Relations*, 997 S.W.2d 112, 115 (Mo.App.1999). The decision of the administrative agency will be upheld unless the decision exceeds the agency's authority; the decision is not based on substantial and competent evidence as a whole; it is unreasonable, arbitrary, or capricious; the agency abused its discretion; or the decision is otherwise unlawful. *Bruemmer*, 997 S.W.2d at 115. The agency's decision is entitled to all reasonable inferences which are supportive. *Clark v. School District of Kansas City*, 915 S.W.2d 766, 773 (Mo.App.1996). We view the evidence in the light most favorable to the agency's decision. *Id.* "When reviewing factual findings by the agency, we determine whether they are supported by substantial evidence upon the record as a whole." *Bruemmer*, 997 S.W.2d at 115–16. Substantial evidence is "competent evidence from which a trier of fact can reasonably decide the case." *Bedford Falls*

*Co. v. Division of Emp. Sec.,* 998 S.W.2d 851, 857 (Mo.App.1999).

■ For the 1997 tax year, § 139.031.1 [2] provided that a "taxpayer desiring to pay any taxes under *protest shall, at the time of paying such taxes, file with the collector a written statement* setting forth the grounds on which his protest is based." (Emphasis added). Section 139.031.3 required a taxpayer with an appeal pending before the Commission "to notify the collector of the appeal in the written statement required by [section 139.031.1]." The Missouri Supreme Court has determined that § 139.031 is facially clear and unambiguous. *State ex rel. Nat. Inv. Corp. v. Leachman,* 613 S.W.2d 634, 635 (Mo. banc 1981).[3] The requirements of § 139.031 must be strictly construed and enforced. *Id.* Section 139.031 provides the taxpayer with an exclusive remedy, and therefore, failure to strictly comply with this section bars recovery of the controverted taxes. *Council House Redevelopment Corp. v. Hill,* 920 S.W.2d 890, 891 (Mo. banc 1996).

Wal–Mart contends that the trial court erred in reversing the decision of the Commission because the Commission's decision was supported by substantial and competent evidence. Wal–Mart argues that the only factual issue is "whether its protest letter accompanied its check to the county." Wal–Mart says we must conclude that the protest letter accompanied the check to the Collector when we view this evidence with the reasonable inferences therefrom in the light most favorable to the Commission's decision. First, Wal–Mart argues that the face of its protest letter constitutes substantial evidence that it complied with § 139.031 because it explicitly establishes that Wal–Mart sent the letter along with the check in full

payment of the 1997 taxes. Whether Wal–Mart's protest letter was sent to the Collector at the same time as the tax payment is determinative of its argument. Neither good faith efforts nor substantial compliance with § 139.031.1 is sufficient. The "statutory purpose is to meet the needs for administrative control of the **payment-protest-impounding** sequence of county revenues." *Leachman,* 613 S.W.2d at 635 [fn. 3]. There is a detriment to government agencies when funds are suspended in escrow until a protest is resolved. Therefore, " 'explicitly stated' statutory requisites are to be strictly construed and enforced." *Id.* at 635 (internal citations omitted). We, therefore, review the evidence before the Commission governed by this standard.

Wal–Mart provided the Commission with the copy of a form protest letter it claimed it sent with its December 18, 1997, check in full payment of its 1997 taxes. The form protest letter begins by stating: "This payment in full...." According to Wal–Mart, this language justifies the inference by the Commission that the protest letter accompanied the check received by the Collector on December 26, 1997. Wal–Mart also points to the fact that the check number of the tax payment is written on the bottom of the protest letter as additional evidence that the letter accompanied the check to the Collector.

■ The form protest letter offered by Wal–Mart fails to provide substantial evidence that Wal–Mart fulfilled the strict requirements of § 139.031. Most importantly, this protest letter is undated and unsigned. It, therefore, provides no evidence that Wal–Mart sent the letter at the same time it sent the check as required by

---

**2.** Section 139.031.2 has been amended effective with the 1998 tax year to require that the Collector impound disputed taxes upon receiving notice from the State Tax Commission that a taxpayer has filed an appeal with the Commission. The language of § 139.031.1 requiring written protest at the time of payment was not amended. The effect of the

1998 amendment is unclear but, in any event, does not apply herein. RSMo Supp.1998.

**3.** Section 139.031.1 has been amended since *Leachman* in 1983 and again in 1998. Neither amendment affects the Supreme Court's holding on the issues in this appeal.

§ 139.031.1. In fact, Wal–Mart fails to point to any substantial evidence that it sent the protest letter at any time. Wal–Mart provided no testimonial evidence, through affidavits or otherwise, regarding its alleged mailing of the protest letter. There was no evidence of who mailed the check and protest letter or testimony concerning any other facts pertinent to its claimed compliance with § 139.031. Wal–Mart's claim that the language of the form letter and the check number for the tax payment on the letter show that Wal–Mart sent the check and letter together as required by the statute is unpersuasive.

Further, Wal–Mart asserts that a certified mailing receipt bearing a December 1997 stamp provides additional evidence that Wal–Mart mailed the protest letter along with the check to the Collector. The copy of the certified mail receipt offered by Wal–Mart also fails to provide substantial evidence that Wal–Mart mailed a protest letter along with the check. The post office stamped the receipt with a date stamp, but the date cannot be clearly ascertained from the copy of the receipt submitted by Wal–Mart to the Commission. The month and year portions of the stamp clearly show that the post office issued the receipt in December of 1997, but the actual day is not clearly discernable. The receipt shows that Wal–Mart did not request a "return receipt" from the addressee.[4]

Section 139.031.1 requires that the protest letter must be filed with the **Collector**. The certified mail receipt is addressed to the "Buchanan Cnty Treas.," not the collector as explicitly required by § 139.031.1. The Buchanan County Treasurer holds an office independent of the Collector. Therefore, this receipt fails to show that Wal–Mart followed the requirements for a proper payment of taxes under

protest. It only supports the inference that something was mailed to the Treasurer, not the Collector as required by statute. In addition, in its Suggestions in Opposition to Respondent's Application For Review of Decision of Hearing Officer dated October 15, 1998, Wal–Mart indicated the date of this certified mail receipt as December 29, 1997.[5] In an affidavit, Pat Rethemeyer, the Collector, stated that the collector's office received Wal–Mart's check on December 26, 1997. Because the certified mail receipt is addressed to a different office holder and Wal–Mart itself has indicated that the date stamped on the receipt was three days after (or an unknown date) the Collector received its tax payment for 1997, the certified mail receipt fails to provide substantial evidence in support of the Commission's decision.

■ The predicate of a protest is: (1) a written statement (2) filed with the Collector (3) at the same time as payment of the disputed taxes. The literality of compliance required is illustrated by the factual situation in *Leachman*, 613 S.W.2d at 634. There was no dispute that National Investment Corp. sent a protest letter to the Collector and that it was received. The protest letter, however, was received 10 days after the tax payment. The Supreme Court held that the language of § 139.031.1 "does not permit the filing of a protest letter following the date of payment of taxes as a predicate for a successful protest." *Id.* at 635. This strict and literal construction was again applied in *Buck v. Leggett*, 813 S.W.2d 872 (Mo. banc 1991). Buck wished to protest the assessment of his property. Buck attempted to avoid his failure to timely appeal an assessment on the theory that the taxes had been "mistakenly" paid under § 139.031.5 by his mortgage company from an escrow account. Citing to *Leachman*, 613 S.W.2d

**4.** The statute does not require any particular type of mailing or even mailing at all. The statute uses the term "file" with the Collector. Although it may be arguable that this requires actual notice by completed filing as opposed

to presumptive notice by mailing, we need not reach that issue.

**5.** In its brief on appeal, Wal–Mart claims the date on the certified mail receipt is illegible.

at 634, the court held that the taxpayer must coordinate with a third party paying agent to ensure that both payment and protest are made the same day.

The Commission's decision was not supported by substantial evidence. A review of the record provides insufficient proof that a protest letter was ever mailed in this case as required by § 139.031.1. Viewing the evidence in a light most favorable to the agency's decision, we find there was no substantial evidence that Wal–Mart sent a proper protest letter along with its 1997 tax payment to the Collector in compliance with § 139.031. Point I denied.

## II.

Alternatively, Wal–Mart argues that the circuit court erred in refusing to remand this cause to the Commission because there was competent and material evidence demonstrating its compliance with § 139.031.1 which Wal–Mart could not have produced at the hearing even if it exercised reasonable diligence. During the proceedings before the circuit court, Wal–Mart raised an alternative argument that, in the event the circuit court determined the evidence failed to sufficiently support the Commission's finding, the circuit court should remand the cause to the Commission with directions to reopen the record for further evidence. The circuit court rejected Wal–Mart's request for a remand, commenting that Wal–Mart had its opportunity to present all facts in its favor during the original Commission proceeding. Wal–Mart asserts that the circuit court erred by refusing to remand the case to the Commission with directions to receive additional evidence relevant to whether Wal–Mart complied with § 139.031. Wal–Mart fails to cite any authority in support of this point and, therefore, we would be justified in rejecting it for that reason alone. Rule 84.04(d); *State v. Dodd*, 10 S.W.3d 546 (Mo.App. 1999). We nevertheless consider the request but decline the invitation.

Section 536.140.4 provides that "wherever the court is not entitled to weigh the evidence and determine the facts for itself, if the court finds that there is competent and material evidence which, in the exercise of reasonable diligence, could not have been produced or was improperly excluded at the hearing before the agency, the court may remand the case to the agency with directions to reconsider the same in the light of such evidence." Wal–Mart contends that the manner and procedure by which the Commission requested evidence from Wal–Mart in order to rule on the Assessor's motion to dismiss precluded Wal–Mart from submitting other evidence about its claimed compliance with § 139.031. Because the Commission requested Wal–Mart to provide specific items, including the protest letter and the front and back of the check in payment of the 1997 taxes, Wal–Mart claims that it could not have produced other evidence of its compliance with the statute at the time of the proceeding. On appeal, Wal–Mart indicates that, had the Commission not requested specific items, it could have submitted an affidavit from the Wal–Mart employee who sent the protest letter along with Wal–Mart's check.

Wal–Mart's argument that it could not have produced additional evidence at the original Commission proceeding is unpersuasive. Despite Wal–Mart's assertion to the contrary, Wal–Mart did have an opportunity to present additional facts in its favor at the original Commission proceeding. The Commission's request for certain specified documents did not preclude Wal–Mart from submitting additional evidence to establish its compliance with § 139.031. In fact, Wal–Mart did present additional evidence to the Commission. Wal–Mart provided the Commission with copies of statements of remittance despite the fact the Commission never requested those documents. Because Wal–Mart had an opportunity to present facts in its favor at the original proceeding, the circuit court did not err in denying Wal–Mart's request

for a remand to the Commission in order to allow the presentation of further evidence. Point II denied.

Therefore, we affirm the judgment of the trial court and remand the case to the Commission to dismiss Wal–Mart's appeal and to vacate the Commission's orders for redistribution of the protested taxes and changing the assessment of the property.

EDWIN H. SMITH, Presiding Judge, and VICTOR C. HOWARD, Judge, concur.