**PAC–ONE, INC., Appellant,**

v.

**Gregory F.X. DALY, License Collector of the City of St. Louis, Respondent.**

**No. ED 78149.**

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 28, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 1, 2001.

Application for Transfer Denied March 20, 2001.

Thomas L. Caradonna, Lawrence H. Weltman, Douglas M. Nieder, St. Louis, for appellant.

Thomas J. Ray, Patricia L. Wendling, James J. Wilson, Mark J. O'Toole, St. Louis, for respondent.

CRAHAN, Judge.

Pac–One, Inc., ("Taxpayer") appeals the judgment dismissing its petition in mandamus seeking to compel the License Collector of the City of St. Louis ("Collector") to recover and impound taxes paid under protest pursuant to section 139.031 RSMo Cum.Supp.1999.[1] We affirm.

The relevant facts are not in dispute. Taxpayer is a manufacturer located in the City of St. Louis and is subject to the manufacturer's tax pursuant to the provisions of section 150.300 *et. seq.* Collector is responsible for assessment and collection of the tax. Taxpayer received a 1998 manufacturer's tax bill from Collector. In January 1999, Taxpayer paid the taxes under protest and delivered to Collector its protest letter protesting ninety percent of the tax, stating its grounds of protest and seeking review of the assessment by the Merchants' and Manufacturers' Board of Tax Equalization of the City of St. Louis ("Board"). The letter did not contain any notification that an appeal had been filed with the State Tax Commission.

Collector impounded Taxpayer's protested payment in a separate interest-bearing account pending resolution of Taxpayer's appeal. The Board scheduled a hearing for March 30, 1999, but later postponed the hearing. Taxpayer did not file an

---

1. Unless otherwise indicated, all statutory references are to RSMo Cum.Supp.1999.

action in the circuit court seeking recovery of the protested payment. On May 20, 1999, Collector sent Taxpayer a letter declaring Taxpayer's protest null and void and notifying Taxpayer that its protested payment had been disbursed to the proper taxing authorities pursuant to section 139.031.2.

Taxpayer filed a petition in mandamus seeking an order requiring Collector to replace the disbursed funds into the escrow account, with interest, to identify the parties to whom funds were disbursed and to enjoin use of the funds. The petition in mandamus alleged that because Taxpayer had timely paid its taxes under protest and timely appealed the assessment of its property to the Board, Collector had a duty to impound and hold the protested taxes in a separate fund. Taxpayer urged that section 139.031.3 evidenced a legislative intent to make it unnecessary for Taxpayer to file a circuit court action for the refund of the taxes it had paid under protest. The trial court issued its preliminary order in mandamus and Collector filed a motion to dismiss, which was ultimately sustained. This appeal followed.

■■■ Taxpayer's sole point on appeal is that the trial court erred in dismissing its petition in mandamus because it adequately complied with section 139.031.3. Mandamus lies only when there is an unequivocal showing that a public official failed to perform a ministerial duty imposed by law. *Bergman v. Mills*, 988 S.W.2d 84, 88 (Mo.App.1999). To be entitled to relief, there must be a showing that the applicant has a clear, unequivocal, specific, and positive right to have performed the act demanded. *Id.* This court determines whether the right to mandamus is clearly established and presently existing by examining the statute under which the right is claimed. *See id.*

■■■ Manufacturers dissatisfied with the Collector's assessment may protest all or part of the tax pursuant to section 139.031. Section 139.031 provides, in relevant part:

1. Any taxpayer may protest all or any part of any taxes assessed against him, except taxes collected by the director of revenue of Missouri. Any such taxpayer desiring to pay any taxes under protest shall, at the time of paying such taxes, file with the collector a written statement setting forth the grounds on which his protest is based. The statement shall include the true value in money claimed by the taxpayer if disputed.

2. Upon receiving payment of taxes under protest pursuant to subsection 1 of this section or upon receiving notice of an appeal pursuant to section 138.430, RSMo the collector shall disburse to the proper official all portions of taxes not disputed by the taxpayer and shall impound in a separate fund all portions of such taxes which are in dispute. Except as provided in subsection 3 of this section, every taxpayer protesting the payment of taxes shall, within ninety days after filing his protest, commence an action against the collector by filing a petition for the recovery of the amount protested in the circuit court of the county in which the collector maintains his office. If any taxpayer so protesting his taxes shall fail to commence an action in the circuit court for the recovery of the taxes protested within the time prescribed in this subsection, such protest shall become null and void and of no effect, and the collector shall then disburse to the proper official the taxes impounded, and any interest earned thereon, as provided above in this subsection.

3. No action against the collector shall be commenced by any taxpayer who has, for the tax year in issue, filed with the state tax commission a timely and proper appeal of the protested taxes. Such taxpayer shall notify the collector of the appeal in the written statement required by subsection 1 of this section. The taxes so protested shall be impounded in a separate fund and the commission may order all or any part of such taxes refunded to the taxpayer, or

may authorize the collector to release and disburse all or any part of such taxes in its decision and order issued pursuant to chapter 138, RSMo.

The requirements of section 139.031 must be strictly construed and enforced. *Stanton v. Wal–Mart Stores, Inc.*, 25 S.W.3d 538, 541 (Mo.App.2000). Section 139.031 provides the taxpayer with an exclusive remedy, and therefore, failure to strictly comply with this section bars recovery of the controverted taxes. *Id.*

If the taxpayer has not resolved its complaint with the Collector before the tax is due, it must pay the tax and file with the Collector a written statement setting forth the grounds on which the protest is based. Section 139.031.1; *see Council House Redevelopment Corp. v. Hill*, 920 S.W.2d 890, 891 (Mo. banc 1996). Upon receiving payment of the tax under protest, the Collector must impound in a separate fund all disputed portions. Section 139.031.2.

Taxpayers must also exhaust their administrative remedies. *See Local Union No. 124, Int'l Broth. of Elec. Workers v. Pendergast*, 891 S.W.2d 417, 419 (Mo. banc 1995). Initially, taxpayers must appeal Collector's assessment of their property to the Board pursuant to section 138.180. *See Nexus Rent–A–Car, Inc. v. Nash*, 747 S.W.2d 683, 687 (Mo.App.1988). Next, taxpayers may appeal the Board's decision to the Commission under section 138.430.1. *Id.* Finally, taxpayers may seek judicial review of the Commission's decision under section 138.430.1. *See Pendergast*, 891 S.W.2d at 418.

A third step may be required. Before the 1983 amendment to section 139.031, taxpayers, in addition to filing an administrative appeal, were required to commence a separate judicial proceeding against the Collector to obtain a refund of the amount of taxes paid under protest ("refund suit"). *See* section 139.031.2; *Xerox Corp. v. Travers*, 529 S.W.2d 418, 422 (Mo. banc 1975). The refund suit was stayed until the administrative proceedings were finalized. *See id.*

■ The General Assembly amended section 139.031 in 1983 by adding subsection 139.031.3 set forth above. Under this amendment, taxpayers are no longer required to commence a refund suit *if* the taxpayer both files a timely and proper appeal with the State Tax Commission *and* notifies the Collector of this appeal in the written statement required under section 139.031.1. But a refund suit remains necessary when a taxpayer fails to strictly comply with section 139.031.3. *See Nexus Rent–A–Car*, 747 S.W.2d at 686–87.

■ Taxpayer urges that it substantially complied with section 139.031.3 because it sought review of the assessment by the Board, which unreasonably delayed the hearing, thereby preventing taxpayer from filing its appeal with the State Tax Commission.[2] Taxpayer reasons it had done all it could to perfect its appeal and thus should be excused from literal compliance with the statute. We disagree.

■ To take advantage of the exception set forth in section 139.031.3, a taxpayer

**2.** Taxpayer cites *Rolla Apartments/Overall Constr. Indus., Inc. v. State Tax Comm'n*, 797 S.W.2d 781 (Mo.App.1990), in support of its contention that an appeal before the Board subject to an appeal to the Commission satisfies section 139.031.3. In that case, Rolla Apartments appealed the assessment of its property to the county board of equalization and the Commission. *Id.* at 783–84. Both affirmed the assessment and Rolla Apartments sought judicial review in the circuit court. *Id.* at 784. The circuit court reversed the Commission's order and the Commission appealed. *Id.* In one of its points on appeal, the Commission argued the trial court had no

power to issue a refund as the cause before it was for judicial review of the Commission's order. *Id.* at 786. The court of appeals denied the Commission's point, stating "The inner workings of chapters 138 and 139 are coordinated by [section] 139.031.3 which provides that if taxes paid under protest are subject to an appeal to the Commission, it is unnecessary to commence an action against the collector in order to recover protested taxes." *Id.* at 787. Taxpayer interprets the court of appeals' use of "subject to" to exempt it from the requirements of section 139.031.2. Taxpayer reads *Rolla Apartments* too broadly. A separate refund suit was not

must file its appeal with the State Tax Commission before the taxes are paid under protest. This is because section 139.031.3 unambiguously requires that Collector be notified of the pendency of the appeal in the written statement filed with the protest. If, for whatever reason, a taxpayer cannot file its appeal with the State Tax Commission by the time the taxes are due, the taxpayer's only recourse is to proceed under section 139.031.2 and file a lawsuit for recovery of the taxes within ninety days after the protest is filed.

Taxpayer contends that a refund suit against Collector would have been futile because it had not exhausted its administrative remedies. To the contrary, filing suit for recovery would have preserved Taxpayer's protest. Under well-established precedent, had Taxpayer commenced a refund suit within ninety days after filing their protest, the action would have been stayed until the State Tax Commission issued its final decision in 1999. *See Buck v. Leggett,* 813 S.W.2d 872, 875 (Mo. banc 1991). In the meantime, Collector would have impounded the protested funds pending resolution of the dispute under section 139.031.2. Taxpayer, however, lost its right to have the protested funds held aside when it failed to follow the statutory prerequisites of section 139.031.2. *See Buckhorn Rubber Prods., Inc. v. Robison,* 763 S.W.2d 690, 691 (Mo. App.1989).

■ Where the language of a statute is clear and unambiguous, there is no room for construction. *Ryder Student Transp. Serv., Inc. v. Director of Revenue,* 896 S.W.2d 633, 635 (Mo. banc 1995). Section 139.031.3 clearly states that a taxpayer need not commence a refund suit under section 139.031.2 if the taxpayer files a timely and proper appeal with the State Tax Commission and notifies the Collector of this appeal in the written statement required by section 139.031.1. In the

present appeal, Taxpayer did not notify Collector of an appeal to the State Tax Commission in its protest letter. Therefore, Taxpayer was not excepted from the requirements of section 139.031.2. Because Taxpayer failed to commence a refund suit within ninety days following its protest, its protest became null and void. Section 139.031.2. Collector thus had no duty to continue impoundment of the disputed funds.

Judgment affirmed.

GARY M. GAERTNER, P.J., and GEORGE W. DRAPER, III, J., Concur.

required because Rolla Apartments, unlike Taxpayer, complied with section 139.031.3 by

filing a timely and proper appeal with the Commission. *Id.* at 784.