**TWELVE OAKS MOTOR INN, INC., Complainant–Appellant,**

v.

**James STRAHAN, Assessor for Taney County, Missouri, Respondent– Respondent.**

**No. 25066.**

Missouri Court of Appeals, Southern District, Division Two.

Jan. 28, 2003.

---

C. Ronald Baird and J. Matthew Miller, Baird, Lightner, Millsap & Kollar, P.C., Springfield, MO, for Appellant.

William McCullah, Special County Counselor, Forsyth, MO, for Respondent.

JAMES K. PREWITT, Presiding Judge.

Twelve Oaks Motor Inn, Inc. ("Twelve Oaks") appeals from a decision of the Missouri State Tax Commission ("Commission") determining that Twelve Oaks received adequate notice of an increase in assessed property value for 1999 and that the 1999 tax assessment was not properly before the Commission due to Twelve Oaks' failure to appeal the assessment to the Board of Equalization ("Board") or the Commission during the required time period. Twelve Oaks contends that the handwritten note by James Strahan, Assessor for Taney County ("Assessor"), on the 1999 Notice of Assessment (which read, "pending court Decision") indicated that the 1999 assessment was not yet final and thus, not ripe for appeal to the Board.

We must first address the issue of our jurisdiction. Article V, Section 3 of the Missouri Constitution grants exclusive appellate jurisdiction to the Missouri Supreme Court for all cases involving construction of revenue laws of the state. In addition to our duty to *sua sponte* determine whether we have jurisdiction, Assessor filed an amended motion to consider whether the cause is within the exclusive appellate jurisdiction of the Supreme Court, a motion taken with the case.

The Supreme Court has exclusive jurisdiction if all of the following three elements are met: the cause involves 1) the construction; 2) of the revenue laws; 3) of the state. *Maryville Properties, L.P. v. Nelson*, 83 S.W.3d 608, 610 (Mo.App. 2002). The various statutory sections discussed in our analysis, including §§ 137.180, 137.275, 137.385, and 138.110, RSMo Supp.1998, are revenue laws of the state. *See Horizons West Properties v. Leachman*, 548 S.W.2d 550, 551 (Mo.banc 1977); *Grandview Bank and Trust Co. v. State Tax Comm'n*, 617 S.W.2d 109, 110 (Mo.App.1981); *C & D Inv. Co. v. Bestor*, 602 S.W.2d 58, 63 (Mo.App.1980).

If the Supreme Court has already decided an issue, the appellate court applies the precedent; such application dif-

fers from construction. *Maryville Properties,* 83 S.W.3d at 610. This is not a case of first impression and we have Supreme Court precedent to apply. Therefore, construction is not required and jurisdiction appropriately lies within the appellate court. *See id.*

■ Twelve Oaks owns property in Taney County consisting of 4.05 acres with two motels. Twelve Oaks challenged the 1998 valuation of this property. In April 1999, the Commission sustained the decision of the hearing officer, finding that the assessed value of the property for the 1997–98 cycle was $584,000. Assessor filed a petition for review of the Commission's decision in the Taney County circuit court on May 6, 1999.

Also in May 1999, Assessor sent Twelve Oaks a notice of change in assessed value, which listed the previous assessed value for 1998 as $584,000 and the assessed value for 1999 as $802,070. In between the 1998 and 1999 valuations, Assessor wrote and circled, "pending court Decision." As a further aid to understanding the facts, a copy of that notice is attached hereto and designated "Appendix A."

On December 20, 1999, the Taney County circuit court affirmed the Commission's decision in favor of Twelve Oaks on the valuations for the 1997–98 assessment cycle. Twelve Oaks did not appeal the 1999 assessed value to the Board during tax year 1999. However, following the decision regarding the 1997–98 valuation, Twelve Oaks sought a hearing on the 1999 assessed value, but the request was denied because the time for a Board appeal had passed. On July 13, 2000, the Board did review the 2000 assessment, and affirmed Assessor's valuation of $802,070.

Twelve Oaks then appealed both the 1999 assessment and the 2000 assessment to the Commission, and a hearing was held on April 19, 2001. In a decision dated September 6, 2001, the Commission determined that the May 1999 notice of change in assessed value provided adequate notice of the increased assessment for 1999 and that, therefore, the Commission only had jurisdiction over the 2000 assessment. The Commission modified the 2000 assessment to $552,000.

On December 26, 2001, Twelve Oaks filed a petition for review of the Commission's decision in the Taney County circuit court. On June 19, 2002, the trial court entered its judgment affirming the Commission, finding "that the notice of change in assessed value for 1999 was not inadequate or misleading [and that] [t]he decision of the Commission denying the application for review [of the 1999 assessment] was not an abuse of discretion; did not erroneously declare the law and should be confirmed." This appeal followed.

■ In reviewing the judgment, we examine the decision of the Commission, rather than the decision of the trial court. *Daly v. P.D. George Co.,* 77 S.W.3d 645, 648 (Mo.App.2002). Our review is limited to a determination of whether the decision is supported by competent and substantial evidence upon the whole record, or whether the decision was arbitrary, capricious, unreasonable, unlawful, or in excess of the Commission's jurisdiction. *Id.*

■ We consider the evidence in the light most favorable to the Commission, together with all reasonable inferences therefrom, and if the evidence would support either of two opposed findings, we are bound by the administrative determination. *Id.* When an administrative decision is based on the agency's interpretation and application of the law, we review the administrative conclusions of law and its decision de novo, and we make corrections to erroneous interpretations of the law. *Zimmerman v. Missouri Bluffs Golf Joint*

*Venture,* 50 S.W.3d 907, 910 (Mo.App. 2001).

Under § 137.180, RSMo Supp.1998, "[w]henever any assessor shall increase the valuation of any real property he shall forthwith notify the record owner of such increase, either in person, or by mail directed to the last known address." Further, "every such increase in assessed valuation made by the assessor shall be subject to review by the county board of equalization whereat the landowner shall be entitled to be heard, and the notice to the landowner shall so state." § 137.180, RSMo Supp.1998.

Section 137.275, RSMo Supp.1998, addresses the propriety of appeals to the Board and under § 137.385, RSMo Supp. 1998, unless the Board uses its discretion to extend the time for filing, such an appeal "shall be lodged with the with the county clerk . . . before the third Monday in June." Section 138.110, RSMo Supp. 1998, stipulates that "[c]omplaints as to rulings of the [Board] . . . shall be filed according to law with the [Commission] not later that August fifteenth of the year in which such ruling was made."

 Taxpayers are required to exhaust their administrative remedies. *Pac–One, Inc. v. Daly,* 37 S.W.3d 278, 281 (Mo.App.2000). The doctrine of exhaustion of remedies is a jurisdictional requirement. *Pessin v. State Tax Comm'n,* 875 S.W.2d 143, 146 (Mo.App.1994). Where an agency is empowered to grant relief, the doctrine requires recourse to an agency for relief as a condition for judicial relief. *Id.* Applying the doctrine here, the first step is the Board; the Board's decision may be appealed to the Commission; finally, taxpayers may seek judicial review of the Commission's decision. *See Pac–One, Inc.,* 37 S.W.3d at 281.

 The failure of the assessor to give the required statutory notice may deny a taxpayer an opportunity to exhaust the available administrative remedies before the Board and the Commission. *Buck v. Leggett,* 813 S.W.2d 872, 876 (Mo.banc 1991). Under such circumstances, it is well established under Missouri law that the increased assessment made by the assessor is void and the taxpayer may enjoin the collection of taxes based on the increase. *Id.; see also John Calvin Manor, Inc. v. Aylward,* 517 S.W.2d 59, 65 (Mo. 1974); *Crest Communications v. Kuehle,* 754 S.W.2d 563, 565 (Mo.banc 1988).

In *John Calvin Manor, Inc.,* the assessor raised the assessed valuation in 1969 and provided adequate notice of the increase and the taxpayer's right to appeal to the Board. *John Calvin Manor, Inc.,* 517 S.W.2d at 60. After a hearing, the Board nullified that increase; however, the assessor increased the valuation again for 1970, but the only notice the taxpayer received was on the real estate tax statement received in December of that year. *Id.* at 60–61. The Missouri Supreme Court determined that the assessor failed to give the notice required under § 137.180 and deprived the taxpayer of the right to appeal to the Board during the limited period allowed for such appeals. *Id.* at 62, 65. Thus, the increased assessment was void. *Id.* at 65.

In another case that addressed notice, the appellate court determined that the taxpayer had not received statutory notice, as the only notice received of an increase in assessed valuation for 1967 was in the December 1967 tax statement. *McGraw– Edison Co. v. Curry,* 485 S.W.2d 175, 179– 80 (Mo.App. 1972). The appellate court determined that an unsigned and unverified copy of a notice without testimony that it was actually mailed was "wholly inadequate to prove notice." *Id.* at 179.

Thus, the Board lacked jurisdiction to increase the taxpayer's evaluation, and the Board's order was void. *Id.* at 179–80.

In a later case, the appellate court determined that no statutory notice had been given where the assessor's office "corrected" an error in assessment by replacing the $50 assessment mistakenly entered with $143,012, which was less than the assessed value of the property declared by the taxpayer. *St. Louis Concessions, Inc. v. City of St. Louis,* 926 S.W.2d 495, 496–97 (Mo.App.1996). The correction was deemed an increase in valuation, which took place past the time the Board was in session. *Id.* at 496–98. Thus, the increased assessment was considered a void assessment. *Id.* at 498.

Under another case, *Horizons West Properties,* the taxpayer received statutory notice of an increased assessment. *Horizons West Properties,* 548 S.W.2d at 551. The notice contained a statement similar to the one in the case at bar, which outlined the proper procedure for appealing any increase in assessment. *Id.* Following receipt of the notice, the taxpayer met with a representative and agent of the assessor's office during which time that agent informed the taxpayer that he would review the increased assessment and advise the taxpayer of the outcome of that review. *Id.* at 551–52. The taxpayer, in reliance of the agent's statements, was led to believe that the assessment would be significantly reduced and did not file an appeal with the Board. *Id.* at 552. After the time period allowed for appeal to the Board has passed, the assessor's office notified the taxpayer that the review had taken place and that the assessment would stand. *Id.*

The Missouri Supreme Court determined that the ultimate issue in *Horizons West Properties* was whether the notice given was that which is statutorily required under § 137.180. *Id.* The Court found that notice as required by § 137.180 had been given, but that the notice was broader than necessary because the assessor's office suggested it would review the increase. *Id.* at 553. According to the Court, the assessor's office was not required to take such action and further, did not have the authority to reduce the assessment once made; only the Board was so authorized. *Id.* The Court concluded by stating that the taxpayer had no legal right to rely on the statements from the assessor's office "and had the obligation to follow the statutes." *Id.* at 554.

Taking these cases together, and considering our standard of review and the record before us, which includes a copy of the actual notice bearing Assessor's handwritten notation (Appendix A), Twelve Oaks received the statutory notice required by § 137.180, RSMo Supp.1998. The statutory procedure to appeal the 1999 increased valuation was clearly and unambiguously outlined on the notice. We agree with the Commission that the "notice reasonably communicates ... Assessor's intention to raise the assessment for the 1999 assessment year despite the unresolved nature of the previous assessment." Assessor's handwriting and circling of the words "pending court Decision" was reasonably found to only apply to the 1998 valuation and did not relieve Twelve Oaks' obligation to follow the statutory procedure for appeal. *Id.*

The judgment is affirmed.

RAHMEYER, C.J., and PARRISH, J., concur.

# APPENDIX A

## TANEY COUNTY NOTICE OF CHANGE IN ASSESSED VALUE OF REAL PROPERTY

May , 1999

Property Map Number:

Tax District: 4CXB

07- 7.0- 35-000- 000- 039.000

Property Description: Pt S2 SW4 ; City of Branson

**Previous Assessed value (1998):**

| | RESIDENTIAL | AGRICULTURAL | COMMERCIAL | TOTAL |
|---|---|---|---|---|
| **Total** | | | 584,000 | 584,000 |
| | | | *pending court decision* | |

**Total Assessed value for 1999:**

| | RESIDENTIAL | AGRICULTURAL | COMMERCIAL | TOTAL |
|---|---|---|---|---|
| **Total** | | | 802,070 | 802,070 |

Most residential increases that occurred on this form are due to the increase in land values. If you do not feel that this increase is fair in comparison to the true market value of today, please feel free to contact the Assessor's Office at the numbers listed below.

In accordance with the laws of the State of Missouri, the Taney County Assessor's Office is required to provide a notice of change in value to property owners. The assessed value for 1999 total at the bottom right corner represents the value to be used in determination of property taxes for 1999. If the property owner does not agree with these values, they may appeal this value by one of two methods: Informal Hearing, or Board of Equalization Hearing. If you have questions concerning this notice or wish to schedule an informal hearing, you may call the Taney County Assessor's Office at 417-546-7241 or 546-7240. Board of Equalization Hearing appointments must be made with the County Clerk's office at 417-546-7200.

**RECEIVED**

Respectfully,

FEB 28 2001

LEGAL SECTION
STATE TAX COMMISSION

James E. Strahan
Assessor

COMPLAINANT'S EXHIBIT "B"

00-89503

EXHIBIT
B 000011
ALL-STATE LEGAL®